675 So.2d 734 (1996)
Nancy BARNARD
v.
David Edward BARNARD.
No. 96-CC-0859.
Supreme Court of Louisiana.
June 24, 1996.
PER CURIAM.[*]
Relator has applied to this court seeking review of the refusal of the court of appeal to consider his application for supervisory writs on the ground that the application was not timely filed under Uniform Rule 4-3.[1]
The following dates are pertinent to the issue of timeliness:
1-25-96 Trial court signed interlocutory judgment
2-6-96 Relator filed motion for trial court to fix time for applying for supervisory writs.
2-15-96 Trial court signed order granting relator until 3-15-96 to file application.
3-8-96 Relator filed application in the court of appeal.
The court of appeal, on its own motion, refused to consider relator's "untimely" application. Hence the application to this court.
The trial court violated Rule 4-3 by fixing the time for filing on a date that was more than thirty days from the date of that court's ruling. Nevertheless, the trial court had authority under Rule 4-3 to extend the deadline for filing beyond the thirty-day limit. Accordingly, since it was the trial court who violated Rule 4-3 and since relator filed his application within the time limit authorized in the order of the trial court, there is no justification for penalizing relator or his client by refusing to consider the application.
*735 Accordingly, the ruling of the court of appeal refusing to consider the application is set aside, and the application is remanded to the court of appeal for consideration and action.
KIMBALL, J., would grant and docket the writ for argument and opinion.
NOTES
[*] CALOGERO, C.J., not on panel.
[1] Uniform Rule 4-3 provides:

When an application for writs is sought to review the actions of a trial court, the trial court shall fix a reasonable time within which the application shall be filed in the appellate court, not to exceed thirty days from the date of the ruling at issue. Upon proper showing, the trial court or the appellate court may extend the time for filing the application upon the filing of a motion for extension of return date by the applicant, filed within the original or an extended return date period. An application not filed in the appellate court within the time so fixed or extended shall not be considered, in the absence of a showing that the delay in filing was not due to the applicant's fault. The application for writs shall contain documentation of the return date and any extensions thereof; any application which does not contain this documentation may not be considered by the appellate court.