j iWALTZER, Judge.

STATEMENT OF THE CASE

This writ application is the latest in a series of- attempts by Relator, over the course of ten years, to avoid his obligations to his disabled children, and to his former wife. See, by way of example, the following reported cases:Hester v. Hester, 97-1326 (La.App. 4 Cir. 2/11/98), 708 So.2d 462;
Hester v. Hester, 97-1250 (La.App. 4 Cir. 9/3/97), 699 So.2d 1099;
Limited Interdiction of Hester, 96-1195 (La.App. 4 Cir. 11/20/96), 684 So.2d 506;
Hester v. Hester, 96-0189 (La.App. 4 Cir. 9/11/96), 680 So.2d 1232;
Hester v. Hester, 93-1665 (La.App. 4 Cir. 9/15/94), 643 So.2d 216;
Hester v. Hester, 94-2575 (La.12/19/94), 647 So.2d 1095.
These reported cases are only six of fourteen appellate actions filed by Relator in this continuing litigation.
In this application, Relator seeks relief from a judgment of 13 November 1997 ordering Relator to1 pay child support to Respondent for the support of the ^parties’ disabled daughter, Amanda, who suffers from Ausper-ger’s syndrome, Tourette’s syndrome, and obsessive-compulsive disorder.
Relator filed a rule to decrease child support based on Amanda’s having reached the age of nineteen in December 1995. On 1 February 1996, Respondent filed a rule to continue child support for Amanda past the age of her majority, pursuant to La. C.C. art. 229, on the grounds that she is disabled.
*42 The trial court found, based on the uncontroverted expert testimony of the.child’s doctor, attending social worker and principal of her high school, that Amanda is seriously disabled and that her inability to care for herself should never have been disputed. In the November 1997 judgment, Relator was ordered to pay child support for Amanda in the amount of $932 per month, retroactive to her 19th birthday, together with her health insurance and uncovered medical expenses. Relator was also ordered to pay, from a Merrill Lynch account in Amanda’s name controlled by Relator, her tuition, room and board expenses at the University of Alabama in Birmingham. Relator has appealed that judgment, which appeal has not yet been lodged in this court. ' Relator subsequently filed a motion for a stáy of that judgment, in a transparent attempt to subvert'tbe prohibition contained in La.C.C.P. art. 3943 against suspensive appeals of judgments for child support. Respondent filed a rule for contempt and for sanctions. Following a hearing on 6 March 1998, the trial court correctly denied Relator’s request for a stay by judgment dated 11 March 1998. On 17 March 1998, the trial court granted Respondent’s rule for contempt and sanctions. The trial court adjudicated Relator in contempt of the November 1997 judgment; Relator was ordered to pay $1,500 in attorney’s fees and was sentenced to serve thirty days in Parish Prison, effective in ninety days, with the proviso that Relator could purge himself of the contempt by ^paying $27,164 in child support arrearages, plus legal interest, within ninety days from the date of judgment. Relator timely noticed his intent to apply for writs and the trial court set a return date of 15 April 1998, implicitly extending the return date prescribed by Rule 4-3, Uniform Rules of Louisiana Courts of Appeal. See Watts v. Dorignac, 95 2285 (La.App. 1 Cir. 4/22/96), 681 So.2d 955, 956.

ANALYSIS

Relator begins the argument of his writ application by suggesting that Respondent was without authority to sue Relator on their daughter’s behalf. Relator attempts to mislead the Court by failing to mention that, subsequent to this Court’s reversal of the trial court’s appointment of Respondent as provisional curatrix on the ground that neither Amanda nor the attorney appointed to represent her had been served with citation of process prior to the appointment, Limited Interdiction of Hester, 96-1195 (La.App. 4 Cir. 11/20/96), 684 So.2d 506, Amanda was served with a copy of the petition for interdiction and Respondent was appointed as provisional administratrix for “at least” a period of ninety days. That judgment is dated 3 February 1997 and is the object of Relator’s appeal in 97-CA-1272.
Relator seeks a stay of a judgment awarding child support, pending appeal. Relator erroneously argues in his writ application that: “In accordance with Rule 4-4 of the Uniform Rules of Louisiana Courts of Appeal, [he] filed a motion with the Trial Court to stay that part of the Judgment ordering him to pay [plaintiff] an additional $932 per month in child support on behalf of | ^Amanda retroactive to Amanda’s 19th birthday.” Rule 4-4 applies only to a stay of proceedings pending disposition of a writ application, not an appeal.
La. C.C.P. art. 3943 provides that an appeal from a judgment awarding child support shall not suspend the execution of the judgment insofar as it relates to the award of child support. The purpose of this provision is to prevent the denial of necessary support to a child pending appeal. See Hamiter v. Hamiter, 419 So.2d 517, 519 (La.App. 2 Cir.), writ denied, 423 So.2d 1140 (La.1982); see also Official Revision Comments to La. C.C. P. art. 3943. Thus, Relator seeks to subvert the intent of the legislature by attempting to suspend the execution of the judgment ordering him to pay child support through a stay of that judgment.
Generally, a trial court’s denial of a motion for stay should not be disturbed absent an abuse of discretion. See Green v. Champion Ins. Co., 577 So.2d 249, 262 (La.App. 1 Cir.), writ denied, 580 So.2d 668 (La.1991). In this case, the trial court wisely used her discretion to prevent Relator’s attempt to subvert the letter and intent of La.C.C.P. art. 3943.
*43 Relator has two other appeals pending in this court, 97-CA-1272, which is an appeal of a judgment appointing plaintiff provisional administratrix for Amanda, and 97-CA-2009, which is an appeal of a judgment ordering Relator to disburse funds from a Merrill Lynch trust account for Amanda’s living expenses through the end of December 1996. These two appeals touch on the issues raised by Relator in the instant writ application, issues that may well come before this Court yet again in the context of Relator’s appeal of the judgment rendered in the instant case.
|sThe authorities cited by relator'in support of his contention that support is not owed to Amanda are neither controlling nor persuasive. All deny support to able-bodied major persons able to care for themselves. Amanda’s disabilities have been the subject of decisions of this Court and others and, as the trial court noted in the November, 1997 opinion, Amanda’s inability to care for herself should never have been disputed.
We have recently affirmed a prior sanction levied by the trial court against Relator in Hester v. Hester, 97-1326 (La.App. 4 Cir. 2/11/98), 708 So.2d 462. Nonetheless, Relator continues to disregard the rule of law in the face of rulings of the trial court and of this Court.
Respondent filed a motion for damages for frivolous writ application. We grant the motion, finding that the record supports the grounds stated therein. The application sought review of the trial court’s denial of a stay of the child support judgment rendered in November 1997 and appealed in December 1997. It was only after the appeal that Relator moved, ex parte, for a stay in January, 1998. The application is clearly procedurally defective, since there is no showing of irreparable injury or of lack of an adequate remedy on appeal. As noted hereinabove, the writ application seeks to obtain through a stay what is prohibited by Louisiana law, that is, in effect, a suspensive appeal of a judgment ordering child support.
The application is unsupported by any existing law or good faith argument for the modification of existing law. See La.C.C.P. art. 2164. We conclude, in light of the lack of legal or factual basis for the application and in light of the background of this ease that the application was intended to harass Respondent, to further delay performance of Relator’s parental support 1 ^obligation • and to cause Respondent to incur additional unnecessary legal expenses in order to enforce her children’s rights to support.

CONCLUSION

We deny the Relator’s writ application and grant Respondent’s motion for damages for frivolous writ application. Relator shall pay all costs of this writ application and shall pay Respondent damages of $1000 and attorney’s fees of $2500.

WRIT DENIED WITH SANCTIONS.

LANDRIEU, J., concurs in part, dissents in part. . , . . _ , ■