735 So.2d 670 (1999)
Wendell CLEMENT, et al., Plaintiff-Appellee,
v.
AMERICAN MOTORISTS INSURANCE COMPANY, et al., Defendants-Appellees & Appellant.
No. W98-504.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1999.
Anthony Joseph Fazzio, Kenneth E. Badon, Lake Charles, for Wendell Clement et al.
*671 Jerry Leonard Saporito, New Orleans, for American Dynasty Surplus Lines Insurance Company.
Maurice L. Tynes, Lake Charles, for Allstate Insurance Company.
Edward J. Fonti, Lake Charles, for I.M.T.C.
Grayson H. Brown, New Orleans, Brian Timothy Butler, for Travelers Insurance Company.
Before DOUCET, C.J., DECUIR, and PETERS, Judges.
DECUIR, Judge.
This matter is before us on remand from the Louisiana Supreme Court with an order to set the case for briefing, argument and opinion. This court had previously denied relator's application on grounds that the application seeking review of the denial of summary judgment was untimely, and the trial court's denial of a motion for new trial was not an abuse of discretion. For the following reasons, we adhere to our original disposition of this matter, and remand the case to the trial court for further proceedings.

FACTS
Todd Domingue and his passenger, Wendell Clement, filed suit as a result of injuries received in an automobile accident. The automobile was owned by I.M.T.C., the plaintiffs' employer. Domingue and Clement sued several defendants, including American Dynasty Surplus Lines Insurance Company. The plaintiffs alleged that the commercial excess umbrella liability policy issued by American Dynasty provided uninsured/underinsured motorist coverage on the vehicle in question. American Dynasty pled several affirmative defenses, including lack of UM coverage.
American Dynasty first filed a motion for summary judgment in 1996 which was denied on November 6, 1996. On August 5, 1997, American Dynasty filed a renewed motion for summary judgment asking the court to reconsider its first denial of summary judgment in light of Daigle v. Authement, 96-1662 (La. 4/8/97); 691 So.2d 1213. After a hearing, on December 1, 1997, the trial court orally denied the motion for summary judgment. On February 9, 1998, the trial judge signed a written judgment denying the motion for summary judgment. Notice went out on February 12, 1998. On February 18, 1998, American Dynasty filed a "Motion for New Trial (for Reargument Only)." The trial court denied the motion on March 2, 1998. On March 18, 1998, American Dynasty filed a notice of intention to file writs, seeking a review of the March 2, 1998 order denying the motion for new trial. The trial court granted American Dynasty until April 1, 1998 to file writs and later granted an extension until April 7, 1998. American Dynasty's writ application was mailed on April 7, 1998 and received by this court on April 9, 1998. On May 1, 1998, this court denied writs. American Dynasty filed a writ application with the supreme court. On September 4, 1998, the supreme court granted writs and remanded the case to this court for briefing, argument and opinion.

WRITS NOT TIMELY FILED
We find that the writ application by American Dynasty was untimely. The parties were at the hearing where the trial court stated oral reasons for denying the motion for summary judgment on December 1, 1997. Rule 4-3 of the Uniform RulesCourts of Appeal allows 30 days from the date of the ruling to file writs.
The denial of a motion for summary judgment is an interlocutory judgment. La.Code Civ.P. art. 968; Fontenot v. Miss Cathie's Plantation, Inc., 93-926 (La.App. 3 Cir. 3/2/94); 634 So.2d 1380; Louviere v. Byers, 526 So.2d 1253 (La.App. 3 Cir.), writ denied, 528 So.2d 153 (La.1988). "There is no requirement that an interlocutory judgment be in writing so long as it is entered in the minutes of the court." Owens v. Jackson, 550 So.2d 359, 363 (La. App. 3 Cir. 1989). Our review of the record reveals that the December 1, 1997 *672 denial of summary judgment was properly recorded in the minutes of the court. Accordingly, under Rule 4-3, a timely writ application needed to be filed with this court by January 2, 1998. American Dynasty did not file its notice of intention to file supervisory writs until March 18, 1998, and at that point, only asked for the court to set a time to seek review of the March 2, 1998 denial of the motion for new trial. Even if we considered delays to run from the February 9, 1998 written judgment, the application was untimely as of March 11, 1998. Thus, the only ruling from which American Dynasty can seek supervisory relief is the denial of the motion for new trial.

MOTION FOR NEW TRIAL
A motion for new trial can be taken from a final judgment. A motion for new trial filed before the signing of a final judgment is premature and without legal effect. Bordelon v. Dauzat, 389 So.2d 820 (La.App. 3 Cir. 1980). The denial of a motion for summary judgment is not a final judgment. Edwards v. Daugherty, 95-702 (La.App. 3 Cir. 1/10/96); 670 So.2d 220, writ denied, 96-0362 (La.3/22/96); 669 So.2d 1212. Therefore, American Dynasty's motion for new trial was premature.
Accordingly, in our previous opinion, we chose to treat the motion as a motion to reconsider. We adhere to that decision.
In its writ application, American Dynasty attempts to argue the merits of its motion for summary judgment. However, as noted in our previous discussion, the merits of that motion were not raised in a timely manner and are not properly before us. Moreover, we believe an exercise of our supervisory jurisdiction to reach the merits in this case would render Rule 4-3 of the Uniform RulesCourts of Appeal meaningless. To defeat the time requirements of Rule 4-3, a litigant would merely need to file a Motion to Reconsider and seek writs from the denial of that motion. We do not believe such a procedure is consistent with the Uniform Rules, nor can we countenance such an abuse of the judicial process.
Accordingly, the sole issue before us is whether the trial court abused its discretion in declining to grant the motion to reconsider. As an interlocutory order, a motion to reconsider is like a motion for new trial. The denial of a motion for new trial is reviewable only under our supervisory jurisdiction for abuse of discretion. Cormier v. McDonough, 96-305 (La.App. 3 Cir. 10/23/96); 682 So.2d 814.
In the present case, the trial court denied the motion for summary judgment on November 6, 1996, and again on February 9, 1998, after a motion to reconsider based on Daigle, 691 So.2d 1213. On February 18, 1998, American Dynasty filed the motion presently before us seeking reargument only. American Dynasty presented no new evidence and cited no new authority. Under these circumstances, we find no abuse of discretion in the trial court's refusal to reconsider its ruling on the motion for summary judgment for a third time.
For the foregoing reasons, American Dynasty's application for supervisory writs is denied. The case is remanded to the trial court for further proceedings.
WRIT DENIED; REMANDED.