JjPLOTKIN, Judge.
Plaintiffs seek supervisory review of the trial court’s decision to grant exceptions of prematurity and failure to exhaust administrative remedies in this mandamus action against the St. Bernard Parish School Board.
The written judgment granting the exceptions was signed by the trial judge on August 25, 2000. On October 12, 2000, a duty judge signed a “Notice of Intention to Apply for Writs,” giving the plaintiffs until October 13, 2000, to file writs in this court. Although the writ application was filed here on October 13, 2000, the “Notice of Intention to Apply for Writs” was not filed until October 16, 2000.
Uniform Rules of Court, Rule 4-3, relative to the time to file an application for supervisory writs, provides, in pertinent part, as follows:
When an application for writs is sought to review the actions of a trial court, the trial court shall fix a reasonable time within which the application shall be filed in the appellate court, not to exceed thirty days from the date of the ruling at issue.
In Herzog’s Automotive Parts, Inc. v. Baronne Auto Supply, Inc., 94-1054 (La.App. 4 Cir. 6/30/94), 639 So.2d 1223, this court, applying the above rule, | ¡.noted that a trial court cannot extend the 30-day period for filing an application for supervi *237 sory writs after the 30 days has expired. In the instant case, the trial court did not sign the “Notice of Intent to Apply for Writs” until more than 30 days after the August 25, 2000, ruling. Thus, the delay for filing a writ application expired prior to the date the duty judge signed the notice. Under the rule enunciated in Herzog’s Automotive Parts, Inc., the application for supervisory writs is untimely. It is hereby DISMISSED.
APPLICATION FOR SUPERVISORY WRITS DISMISSED AS UNTIMELY.
JONES, J., CONCURS WITH REASONS.