785 So.2d 1022 (2001)
Tamika CARTER
v.
Franklin RHEA, Mannino's P & M Texaco Service Center, Inc. and Scottsdale Insurance Company.
No. 2001-C-0234.
Court of Appeal of Louisiana, Fourth Circuit.
April 25, 2001.
*1023 Gus A. Fritchie, III, Brigid B. Glorioso, Irwin, Fritchie, Urquhart & Moore, L.L.C., New Orleans, Counsel for Defendants/Relators.
Paul S. Fiasconaro, Fiasconaro & Fiasconaro, New Orleans, Counsel for Defendant/Respondent.
Emile A. Bagneris III, Ginger K. De-Forest, Ungarino & Eckert L.L.C., Metairie, Counsel for Defendant/Relator.
Court composed of Chief Judge WILLIAM H. BYRNES III, Judge STEVEN R. PLOTKIN, Judge MAX N. TOBIAS Jr.
STEVEN R. PLOTKIN, Judge.
The pivotal issue presented by this application for supervisory writs is whether the delay for filing an application for supervisory review of a trial court's interlocutory judgment may be extended by the filing of a motion for new trial pursuant to La. C.C.P. art. 1971. For the reasons explained below, we find that the delay cannot be extended by the filing of a motion for new trial. Accordingly, we dismiss this application for supervisory writs, which was filed more than four months after the ruling at issue, as untimely.
By motion for summary judgment, defendant, Scottsdale Insurance Co., sought a ruling limiting its liability as insurer for defendant, Mannino P & M Texaco Service Center, Inc. ("Texaco"), as well as a ruling that the policy issued by defendant, U.S. Fire Insurance Co., in favor of defendant, Fairmont Hotel, was primary and that the policy issued by Scottsdale in favor of defendant, Texaco, was excess. The trial court held a hearing on the motion for summary judgment on September 22, 2000, then issued a written judgment on September 27, 2000. The trial court made three findings: (1) that defendant/tortfeasor Franklin Rhea was acting as an independent contractor for Texaco, rather than an employee of the Fairmont, at the time of the accident that resulted in the death of plaintiff's decedent; (2) that Mr. Rhea had neither actual or implied authority to execute renter's vehicle insurance on behalf of the Fairmont; and (3) that the U.S. Fire policy is primary.
On October 30, 2000, the Fairmont and U.S. Fire filed a motion for new trial in the trial court, seeking reconsideration of the September 27, 2000, judgment. The trial court orally denied that motion on December 15, 2000; on December 18, 2000, the trial court issued a written judgment denying the motion for new trial. On January 3, 2001, the Fairmont and U.S. Fire filed a notice of intent to seek supervisory writs. On January 5, 2001, the trial court signed an order granting the Fairmont and U.S. Fire 30 days or until February 5, 2001 to file an application for supervisory writs seeking review of the September 27, 2000 judgment on the summary judgment and the December 18, 2000 judgment denying their motion for new trial. The writ application arrived in this court on February 2, 2001, in an envelope postmarked January 25, 2001. In their application, the Fairmont and U.S. Fire sought review only of the September 27, 2000 judgment on the motion for summary judgment, without challenging the December 18, 2001 judgment on the motion for new trial.
Determination of whether an application for supervisory writs has been timely filed has proven more difficult than would be expected, considering the straightforward nature of the Rule 4-3, Uniform Rules Courts of Appeal, which governs that issue. That rule provides as follows:
When an application for writs is sought to review the actions of a trial court, the trial court shall fix a reasonable *1024 time within which the application shall be filed in the appellate court, not to exceed thirty days from the date of the ruling at issue. Upon proper showing, the trial court or the appellate court may extend the time for filing the application upon the filing of a motion for extension of return date by the applicant, filed within the original or an extended return date period. An application not filed in the appellate court within the time so fixed or extended shall not be considered, in the absence of a showing that the delay in filing was not due to the applicant's fault. The application for writs shall contain documentation of the return date and any extensions thereof; any application which does not contain this documentation may not be considered by the appellate court.
(Emphasis added.) The instant writ application at issue here was not filed until more than four months after the September 27, 2000 written judgment. Because it was not filed within the 30-day delay established by Rule 4-3, the writ application is untimely on its face. See Clement v. American Motorists Insurance Co., 98-504, p. 3 (La.App. 3 Cir. 2/3/99), 735 So.2d 670, 672. Because the writ application is untimely on its face, it may be considered by this court only if some exception to the 30-day rule quoted above applies.
A number of jurisprudential exceptions to the rule requiring that applications for supervisory writs be filed within 30 days of the ruling at issue have developed. For example, the Louisiana Supreme Court has held that an appellate court should not penalize a party that files an application for supervisory writs more than 30 days after the ruling at issue, but within the delay set by the trial court because "it was the trial court who violated Rule 4-3." Barnard v. Barnard, 96-0859, p. 2 (La.6/24/96), 675 So.2d 734, 734. As a result trial courts regularly violate Rule 4-3 by granting parties more than 30 days from the ruling at issue to file writ applications. However, this court has consistently found that a trial court has no authority to grant a delay for filing an application for supervisory writs once the 30-day period from the ruling at issue has expired. Levert v. St. Bernard Parish School Board, 2000-2216, p. 1-2 (La.App. 4 Cir. 10/20/00), 772 So.2d 236, 236, citing Herzog's Automotive Parts, Inc. v. Baronne Auto Supply, Inc., 94-1054 (La.App. 4 Cir. 6/30/94), 639 So.2d 1223.
The Fairmont and U.S. Fire urge this court to create another exception to the clear requirement of Rule 4-3 that applications for supervisory writs be filed within 30 days of the ruling at issue. The Fairmont and U.S. Fire urge this court to find that their application for supervisory writ was timely because it was filed within the delay allowed by the trial court following the denial of their motion for new trial.
No reported Louisiana cases have considered the exact issue presented by this writ application. However, in Clement, the application for supervisory writs at issue sought review of both the denial of a motion for summary judgment and the denial of a motion for new trial seeking reconsideration of the denial of the motion for summary judgment. The court found that the writ application was untimely, stating as follows:
We find that the writ application by American Dynasty was untimely. The parties were at the hearing where the trial court stated oral reasons for denying the motion for summary judgment on December 1, 1997. Rule 4-3 of the Uniform RulesCourts of Appeal allows 30 days from the date of the ruling to file writs.

*1025 The denial of a motion for summary judgment is an interlocutory judgment. La.Code Civ. P. art. 968; Fontenot v. Miss Cathie's Plantation, Inc., 93-926 (La.App. 3 Cir. 3/2/94); 634 So.2d 1380; Louviere v. Byers, 526 So.2d 1253 (La. App. 3 Cir.), writ denied, 528 So.2d 153 (La.1988). "There is no requirement that an interlocutory judgment be in writing so long as it is entered in the minutes of the court." Owens v. Jackson, 550 So.2d 359, 363 (La.App. 3 Cir. 1989). Our review of the record reveals that the December 1, 1997 denial of summary judgment was properly recorded in the minutes of the court. Accordingly, under Rule 4-3, a timely writ application needed to be filed with this court by January 2, 1998. American Dynasty did not file its notice of intention to file supervisory writs until March 18, 1998, and at that point, only asked for the court to set a time to seek review of the March 2, 1998 denial of the motion for new trial. Even if we considered delays to run from the February 9, 1998 written judgment, the application was untimely as of March 11, 1998. Thus, the only ruling from which American Dynasty can seek supervisory relief is the denial of the motion for new trial.
Id. at 2-3, 735 So.2d at 671-72. In the instant case, the Fairmont and U.S. Fire seek review only of the trial court's ruling on the motion for summary judgment; they do not seek review of the denial of the motion for new trial. Concerning the motion for new trial, the Clement court stated as follows:
A motion for new trial can be taken from a final judgment. A motion for new trial filed before the signing of a final judgment is premature and without legal effect. Bordelon v. Dauzat, 389 So.2d 820 (La.App. 3 Cir.1980). The denial of a motion for summary judgment is not a final judgment. Edwards v. Daugherty, 95-702 (La.App. 3 Cir. 1/10/96); 670 So.2d 220, writ denied, 96-0362 (La.3/22/96); 669 So.2d 1212. Therefore, American Dynasty's motion for new trial was premature.
Id. at 98-504 at 3, 735 So.2d at 672. See also Winston v. Martin, 34,424, p. 2, (La. App.2d Cir.9/21/2000), 2000 WL 1358432, observing that "a motion for new trial is a procedural device applying only to final judgments." Obviously, the Clement court did not allow the filing of the motion for new trial to extend the 30-day delay from the ruling at issue established by Rule 4-3.
In the instant case, the judgment at issue is a non-final partial summary judgment, not appealable under the provisions of La. C.C.P. art. 1915. Thus, the filing of a motion for new trial seeking reconsideration of an interlocutory judgment cannot interrupt the 30-day period for filing an application for supervisory writs established by Rule 4-3 of the Uniform Rules Courts of Appeal. However, the provisions of the Louisiana Code of Civil Procedure are clear that motions for new trial may be taken only from a final judgment.
Finally, we note that, unlike the relator in the Clement case, the Fairmont and U.S. Fire fail to seek review of the trial court judgment denying their motion for new trial. Thus, this court will not consider the propriety of the trial court's denial of that motion.
Accordingly, the application for supervisory writs filed by the Fairmont and U.S. Fire in the instant case is dismissed as untimely.
WRIT APPLICATION DISMISSED AS UNTIMELY.
TOBIAS, J., concurs.
TOBIAS, J., concurs.
I respectfully concur in the result. This court should not review the issue addressed *1026 in the underlying motion for summary judgment. See Rule 4-3, Uniform Rules, Courts of Appeal.
I am compelled to write this concurrence because this court may have created a trap for the unwary practitioner of law. For the over 14 years that I was a trial judge and the over 14 years before that during which I practiced law in the civil courts of New Orleans, it has been my experience that the practice has been to permit a litigant to file and be heard, if the judge so directed, upon a motion for new trial taken from an interlocutory judgment or order. To some extent, La. C.C. arts. 3 and 4 may have established a custom in the New Orleans civil trial courts.
Nevertheless, I agree with the majority that a literal reading of La. C.C.P. art. 1974, authorizing motions for new trial, makes it applicable to final judgments only. I do note, however, that one could reasonably read La. C.C.P. art.1914 as, by implication, authorizing a motion for new trial when an interlocutory judgment or order is at issue.
The majority makes our practice conform to the literal language of La. C.C.P. art.1974 and the jurisprudence from two other appellate circuits. However, a party may not seek review of an interlocutory decision by filing a motion for new trial. Now, in order to accomplish the same result as a motion for new trial, one must file a brand new motion (with appropriate attachments) addressing the identical issue as a previous motion that resulted in an allegedly erroneous interlocutory decree. I suppose one could seek supervisory writs from the new motion within 30 days as permitted by Rule 4-3. But I can envision an appellate court saying that if you did not take a supervisory writ from the earlier decision, you cannot make application now. That is a question that must be addressed in the future.
Even assuming that one were to embrace a motion for new trial as an appropriate method of obtaining review in the trial court of an allegedly erroneous interlocutory decree, in the case at bar, relators filed a motion for new trial on 30 October 2000. Their writ application fails to demonstrate whether their motion for new trial was filed within 7 days of the interlocutory judgment signed on 27 September 2000. No notice of judgment mandated by La. C.C.P. art.1914 is attached. Their application is thus untimely because the decision of which they complain was rendered on 27 September 2000 and their application filed more than 30 days thereafter.