h WRITS DENIED.
Applicant, Hyundai Motor America (HMA), seeks supervisory review of the trial court rulings concerning discovery. Initially, we note that there is an issue of timeliness with respect to the writ application in No. 36,119-CW because, although applicant timely filed a request with the trial court for the setting of a return date to seek supervisory review of the trial court’s November 20, 2001 judgment, the writ application was not actually filed by the January 4, 2002 return date set by the trial judge who rendered the judgment. *1002 Indeed, the writ application was not filed until February 4, 2002. Applicant has asserted that we should consider the application timely because the court reporter who was to prepare a 15-page transcript of the trial court hearing requested and received a 30-day extension until February 4, 2002. Applicant asserts that although it may be “unusual” for the date to be extended upon the request of a court reporter, “HMA | improperly followed the order of the trial court by filing its writ on February 4, 2002.” In this respect, applicant cites Barnard v. Barnard, 96-0859 (La.6/24/96), 675 So.2d 734, in which the supreme court held that an appellate court should not penalize a party that files an application for supervisory writs more than 30 days after the ruling at issue, but within the delays set by the trial court, where the trial court violates URCA 4-3 by granting the party more than 30 days from the ruling at issue in which to file the writ application.
We conclude that Barnard is distinguishable from the facts of the instant case because in Barnard the applicant timely requested supervisory review, and through no fault of the applicant, the trial court, in direct response to the applicant’s request, set the return date more than 30 days from the ruling at issue. We observe that a trial court has the power to extend a return date beyond 30 days from the ruling at issue, and we agree with the supreme court than an applicant should not be penalized under such circumstances; it is reasonable for an applicant to rely on the trial court’s setting of a longer return date. In contrast, in the instant case we conclude that it was not reasonable for applicant to rely on the court reporter’s attempt to extend the return date. The court reporter had no more authority to request an extension on behalf of HMA than the court reporter had to request a writ on behalf of HMA. URCA 4-3 specifically states that upon proper showing, the trial court or the appellate court may extend the time for filing the application upon the filing of a motion for extension of return date by the applicant, filed within the original or an extended return date. To say that the court reporter’s actions were “unusual” is an understatement. This is a first instance in the memory of this court in which a court reporter arguably has attempted to extend the return date on a writ application.
Moreover, we observe that the court reporter’s request for an extension was made on a standard form designed to allow court reporters to request an extension of the return date in appeals. Court reporters have the authority to ask for such an extension under the provisions of La. C.C.P. art. 2127.2. However, court reporters have no authority to request an extension of the return date for a writ application, and the provisions of article 2127.2 neither apply to writs, nor super-cede the specific provisions of URCA 4-3.
Finally, we observe not only that the court reporter’s request for an extension appeared to be a request for an extension of an appeal return date, but also that the trial court judge who signed the order granting the extension was not the same judge who rendered the judgment and set the original return date. Under these circumstances, we conclude that it was not reasonable for applicant to rely on the erroneous action of the court reporter and the erroneous, but understandable action of the trial court judge who signed the extension order. Instead, applicant either should have filed within the original return date and requested this Court to postpone ruling on the application until the transcript was added, or should have filed a timely request for an extension of the re *1003 turn date based on the unavailability of the transcript.
Notwithstanding the timeliness problem discussed above, we observe that on February 6, 2002, the trial court rendered a new judgment that essentially superceded the judgment of November 2001. The new judgment was the same as its predecessor with respect to requiring applicant to respond to the plaintiffs discovery, but gave applicant an additional ten days to respond and additionally provided that if applicant did not respond, then the court would enter a default judgment against applicant and award $500.00 in attorney’s fees to the plaintiff.
| ¡¡Applicant has filed a second writ application (No. 36,155-CW) in which applicant requested a return date for supervisory review on this new judgment, but the trial court refused to set a return date. Because applicant timely sought supervisory review of the new judgment, and because the new judgment effectively supplanted the previous judgment on the same issues, we have elected to avoid further confusion and/or delay by addressing the merits of both applications together. Accordingly, even though we disapprove of the circuitous route through which the issues have come before this Court, we will consider both writ applications on the showing applicant has made not only in the original writ application, but aiso in applicant’s motion to , supplement, in applicant’s later filed application, and in applicant’s still later filed supplemental brief in the first application.
After reviewing the issues presented by applicant, and considering both the showing made by applicant and the plaintiffs opposition to the requested relief, we conclude that the exercise of this Court’s supervisory jurisdiction is not warranted. We detect no palpable error in the trial court rulings requiring applicant to respond to plaintiffs discovery requests. The stay previously ordered by this Court is hereby lifted.