CRAIN, J.
| aBrinker Services Corporation appeals a judgment of the Nineteenth Judicial District Court that affirmed a judgment of the Baton Rouge City Court. Recognizing that this court has only supervisory jurisdiction in this case, we convert the appeal to an application for supervisory writs but find the application untimely.
FACTS AND PROCEDURAL HISTORY
Tower Credit, Inc. filed this proceeding in Baton Rouge Gity Court to enforce a promissory note executed by Amber Bradley. After securing a default judgment *64 against Bradley, Tower Credit sought to garnish her wages and obtained a judgment of garnishment against Brinker Services. When Brinker Services failed to withhold the garnished wages, Tower Credit filed a rule to show cause requests ing a judgment against Brinker Services for the full amount of the underlying judgment against Bradley, In opposition to the rule to show cause, Brinker Services asserted that its answers to garnishment interrogatories incorrectly identified itself as Bradley’s employer, when, in fact, , her employer was Brinker International Payroll Co., L.P.
After the matter proceeded to a hearing, the city court ruled in favor of Tower Credit and signed a judgment against Brinker Services for the full amount of the underlying judgment, $5,308.79, plus interest at certain specified rates, attorney fees, and court costs, subject to three credits for prior payments (referred to hereinafter as the “city court judgment”). In accordance with Louisiana Code of Civil Procedure article 5001 B, Brinker Services then filed a motion for suspensive appeal returnable to the Nineteenth Judicial District Court.
The parties submitted briefs and presented oral argument to the district court, which thereafter “sustained]” the city court judgment in a judgment signed Ron March 26, 2015. Notice of the judgment was mailed that same date to all counsel of record, as reflected in a certification on the face of the judgment." Forty days later, "on May 5, 2015, Brinker Servicés filed a motion seeking a suspensive appeal dr, alternatively, a writ of certiorari with respect to the district court’s judgment. An order granting the appeal was signed on May 14, 2015.
After the record was -lodged with this court, an order was issued directing the parties to show cause why the appeal should not be dismissed because, in relevant part, the district court’s judgment appealed to be a non-appealable ruling more appropriately subject to this court’s supervisory jurisdiction. Both parties submitted briefs in response to the order, and the rule to show cause was referred to this panel for decision. ■
DISCUSSION
Appellate courts have a duty to examine their subject matter jurisdiction sua sponte, even when the parties do not raise the issue. Motorola, Inc. v. Associated Indemnity Corporation, 02-0716 (La. App. 1 Cir. 4/30/03), 867 So.2d 715, 717 (en banc). Pursuant to Article 5001 B, an appeal from a judgment “rendered by a city court located in the Nineteenth Judicial District shall be taken to the district court of the parish in which the court of original jurisdiction is located.” By mandating that such appeals be filed in the Nineteenth Judicial District Court, the Legislature granted appellate jurisdiction over the specified city court judgments to the district court and, likewise, divested this court of that jurisdiction. See La. Const, art. V, § 16(B); Miazza v. City of Mandeville, 10-0304 (La.5/21/10), 34 So.3d 849 (per curiam); Caire v. Stassi, 379 So.2d 1056, 1057 (La.1980). Thus, this court does not have appellate jurisdiction in this case.
However, this proceeding is within our supervisory jurisdiction pursuant to Article V, Section 10(A) of the Louisiana Constitution. When a party files an |4appeal under these circumstances, our supreme court has directed that the appeal should be converted to an application for supervisory writs. See Meiners v. St. Tammany Fire Protection District # 4 Board of Commissioners, 10-0912 (La.6/25/10), 38 So.3d 359; Miazza, 34 So.3d at 849; see also Aaron v. Exxon Mobil Corporation, 15-0045 (La.4/10/15), 163 So.3d 800. In accordance *65 with that directive, we convert Tower Credit’s appeal to an application for supervisory writs-and next consider whether the application was timely filed.
An application for supervisory writs must be filed within thirty days of the notice of judgment. See Rule 4-3, Uniform Rules, Courts of Appeal. Although the court can extend that delay upon a proper showing, the request for an extension must be filed within the applicable thirty-day delay. See Maddie v. Vosburg, 13-1791 (La.App. 1 Cir. 1/16/14), 146 So.3d 207; see also Barnard v. Barnard) 96-0859 (La.6/24/96), 675 So.2d 734 (per curiam). An application not -filed in the appellate court within the time so fixed or extended shall not be considered, in the absence of a showing that the delay in filing was not due to the applicant’s fault. Rule 4-3, Uniform Rules, Courts of Appeal; see also Maddie, 146 So.3d at 207.
Here, notice of the district court judgment was mailed on March 26, 2015, and Brinker Services filed its motion for appeal forty days later on May 5, 2015. The motion for appeal, converted herein to an application for supervisory writs, was filed too late to invoke the supervisory jurisdiction of this court. ■■See Rule 4-3, Uniform Rules, Courts of Appeal; Lake Villas No. II Homeowners’ Association, Inc. v. LaMartina, 15-0244, 2015 WL 9435193 (La.App. 1 Cir. 12/23/15); Glass v. Voiron, 13-2249, 2015 WL 2452411 (La. App. 1 Cir. 5/20/15). We further find no indication that the belated filing was attributable to anything other than the fault of Brinker Services. While we recognize that the motion for appeal was filed within | Rthe appeal delay, this court has no appellate jurisdiction in this case, and the motion was filed too late to invoke our supervisory jurisdiction.
CONCLUSION
■ For ‘ the- foregoing-• reasons, this court does not have appellate' jurisdiction in this case; and the appeal, having been converted herein to an application for supervisory writs, was not filed within the applicable delay to invoke our supervisory jurisdiction. Thus, the application for supervisory writs is not considered.
APPEAL CONVERTED TO APPLICATION FOR SUPERVISORY WRITS; APPLICATION NOT CONSIDERED.