| SUCCESSION OF ESTELLE AMELIA COLE, WIDOW OF FRANK CORNELIUS COLE, SR. | * | NO. 2018-CA-1047 |
|---|---|---|
| | * | COURT OF APPEAL |
| | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2002-08971, DIVISION "M"
Honorable Paulette R. Irons, Judge
* * * * * *
**Judge Regina Bartholomew-Woods**
* * * * * *
(Court composed of Judge Joy Cossich Lobrano, Judge Rosemary Ledet, Judge Regina Bartholomew-Woods)

Regel L. Bisso
Robert G. Miller, Jr.
BISSO & MILLER, L.L.C.
Favrot & Shane Building
3925 N. I-10 Service Road W., Suite 227
Metairie, LA 70002

COUNSEL FOR APPELLANT

Susanne W. Jernigan
THE JERNIGAN LAW FIRM, L.L.C.
829 Baronne Street
New Orleans, LA 70113

COUNSEL FOR APPELLEE

APPEAL DISMISSED
OCTOBER 30, 2019

Appellants, Cathy Hightower and William James Hightower, IV, appeal the February 27, 2018 judgment of the district court. The judgment contains eleven rulings on various issues relating to the succession of Estelle Amelia Cole. On May 2, 2018, Appellants were mailed the notice of judgment; and Appellants moved for a new trial. On August 17, 2018, the district court denied Appellants' motion for new trial, and judgment was mailed to Appellants on the same date. An order granting Appellants' motion for suspensive appeal was signed by the district court on August 28, 2019. An extension of time to pay estimated costs was granted, and costs were paid timely in accordance with the order. Appellants furnished a suspensive appeal bond[1] on October 29, 2019.

Appellee, Debra Cole, filed a motion to dismiss appeal based upon, among other things, untimeliness of the filing of the bond. Pursuant to La.C.C.P. art. 2123, Appellants were required to furnish security for their suspensive appeal no later

---

[1] Appellee argues the security furnished – a "special pledge" of a certificate of deposit – was insufficient. Based on our ruling herein, we do not address that issue.

than thirty days after mailing of notice of the court's denial of Appellant's application for a new trial; that is, no later than September 17, 2019.

Normally, the failure to timely furnish security would result in conversion of the suspensive appeal to a devolutive appeal. However, only two of the eleven rulings are final, appealable judgments – those homologating tableaus of distribution. As provided in La.C.C.P. art. 3308, "[o]nly a suspensive appeal as provided in Article 2123 shall be allowed from a judgment homologating a tableau of distribution." Accordingly, Appellants' failure to timely furnish security requires dismissal, as it cannot be converted to a devolutive appeal.

Appellants suggest that dismissal would be inappropriate given the Louisiana Supreme Court's holding in *Succession of Daste*, 254 La. 403, 223 So.2d 848 (1969). However, *Daste* concerned the applicability of art. 3308 in the context of a lower court's ruling ordering an executor to file an amended tableau of distribution. The Supreme Court explained:

> [T]he court of appeal judgment was actually based upon the theory that the . . . judgment of the trial court was a judgment homologating the tableau of distribution from which only a suspensive appeal was permissible under the mandate of Article 3308 of the Code of Civil Procedure. . . . If the Court of Appeal had adopted either of the two alternatives to this result, it should have either dismissed the appeal as an unappealable interlocutory decree or it should have considered the merits of the issues presented by the valid devolutive appeal. The result the Court of Appeal did reach could only be reached if the judgment appealed from was considered a judgment homologating a final tableau of distribution, for only in that instance is a suspensive appeal mandatory.
>
> . . .
>
> The trial court judgment . . . was not a judgment homologating a tableau of distribution, as contemplated in Article 3308 of the Code

2

of Civil Procedure, because it neither ordered, adjudged nor decreed that the tableau be approved or homologated. To the contrary, the judgment ordered the testamentary executor to 'file an Amended Final Tableau of Distribution in accordance with this judgment and in accordance with law.' Moreover, the judgment did not pass upon some of the issues presented by the tableau, and it adjudicated issues presented by pleadings other than the petition to homologate the tableau. In other words, the judgment decided some controverted questions presented by the tableau and other questions at issue by the pleadings, and, since these adjudications would after [sic] the computations and distribution proposed by the tableau, the judgment ordered the filing of an amended tableau as an alternative to the homologation.

*Id.*, 254 La. at 410-12, 223 So.2d at 851-52. Here, the tableaus were indeed homologated, and per art. 3308 and *Daste*, a suspensive appeal was mandatory.

As noted, the judgment appealed contains other, interlocutory rulings. Absent a related, appealable ruling in the judgment for this Court to consider, we must decide whether it would be appropriate to convert Appellant's appeal to a writ on those interlocutory rulings. "[T]he decision to convert an appeal to an application for supervisory writs is within the discretion of the appellate courts." *Stelluto v. Stelluto*, 2005-0074, p. 7 (La. 6/29/05), 914 So.2d 34, 39. This Court, however, only does so "when the motion for appeal has been filed within the thirty-day time period allowed for the filing of an application for supervisory writs under Rule 4–3 of the Uniform Rules, Courts of Appeal." *Delahoussaye v. Tulane Univ. Hosp. & Clinic*, 2012-0906, p. 5 (La.App. 4 Cir. 2/20/13), 155 So. 3d 560, 563. Furthermore, "the filing of a motion for new trial seeking reconsideration of an interlocutory judgment cannot interrupt the 30-day period for filing an application for supervisory writs established by Rule 4-3 of the Uniform Rules-Courts of Appeal. . . . [T]he provisions of the Louisiana Code of Civil Procedure are clear that motions for new trial may be taken only from a final judgment." *Carter v. Rhea*, 2001-0234, p. 5 (La.App. 4 Cir. 4/25/01), 785 So.2d 1022, 1025.

3

Accordingly, we decline to convert Appellants' appeal as to the non-final rulings within the judgment.

**APPEAL DISMISSED**