| | | |
|---|---|---|
| **KIMBERLY UDDO** | * | **NO. 2024-C-0319** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **MARLIN GUSMAN, FORMER** | * | |
| **SHERIFF OF ORLEANS** | | **FOURTH CIRCUIT** |
| **PARISH** | * | |
| | | **STATE OF LOUISIANA** |

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-07641, DIVISION "I-14"
Honorable Lori Jupiter, Judge
* * * * * *
**Judge Sandra Cabrina Jenkins**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Roland L. Belsome, Judge
Sandra Cabrina Jenkins)

**BELSOME, J., CONCURS IN THE RESULT**

Dara L. Baird
5523 S. Johnson Street
New Orleans, Louisiana 70125

     COUNSEL FOR PLAINTIFF/RESPONDENT


Tracey J. Comeaux
Yolanda Martin Singleton
ORLEANS PARISH SHERIFF'S OFFICE
2800 Perdido Street
New Orleans, LA 70119

     COUNSEL FOR DEFENDANT/RELATOR


**WRIT GRANTED;**
**RELIEF DENIED AS UNTIMELY.**
**JULY 8, 2024**

The defendant, the Orleans Parish Sheriff's Office, seeks review of the trial court judgment of October 9, 2023, denying its motion for summary judgment. However, upon review, the OPSO's application for supervisory writs is untimely. For the foregoing reasons, we grant the writ application, but deny relief as the application is untimely.

## PROCEDURAL HISTORY

The plaintiff, Kimberly Uddo, filed the present action alleging that she was injured when an OPSO horse stepped on her ankle and foot. Ms. Uddo alleged in her petition that her foot was injured when Justice, a patrol horse under the control of former Commander Kathleen Cure, backed into her, knocked her to the ground, and trampled her following the Krewe of Oak parade on August 19, 2017. The plaintiff alleged that the accident was caused by the negligence of Commander Cure and the OPSO for: (1) failing to keep their horse under proper control; (2) failing to yield to the crowds of persons located in Palmer Park; (3) failing to keep a proper look out for persons behind their horse as it backed up into the crowds of persons in Palmer Park; (4) riding a horse in an unsafe manner under the

circumstances; (5) riding a horse in a careless or reckless manner under the circumstances; and (6) failure to maintain control of their horse.

The OPSO filed a motion for summary judgment seeking dismissal of the plaintiff's claim on the basis that she would not be able to meet her burden of proving negligence under La. C.C. article 2321. In opposition to the motion for summary judgment, the plaintiff argued that she was alleging a cause of action under La. C.C. article 2321 solely, but was also alleging a cause of action under La. C.C. article 2315, based on Commander Cure's alleged negligence. After a hearing on the motion, the trial court rendered a written judgment on October 9, 2023, denying the motion for summary judgment. A notice of judgment was mailed on October 16, 2023.

The defendant filed a notice of intent to seek supervisory writs on October 10, 2023. There was no order setting a return date. The defendant filed a second notice of intent on February 9, 2024. On February 14, 2024, the trial court set a return date as within the "delays provided by law." Pursuant to this order, the return date would have been November 16, 2023.

On March 25, 2024, the defendant filed a third motion for extension of the return date. The trial court set the return date as "thirty days from the date of the order", which was signed on March 25, 2024. March 2024 had thirty-one days, making the return date April 24, 2024. The defendant filed a fourth motion for extension of time on April 25, 2024. The trial court set the return date as thirty days from the date of the order signed on May 2, 2024. The defendant filed its application for supervisory writs with this Court on May 29, 2024.

## DISCUSSION

Rule 4-2, Uniform Rules, Courts of Appeal provides that "[t]he party, or counsel of record, intending to apply to the Court of Appeal for a writ shall give to the opposing parties or the opposing counsel of record, notice of such intention. The party, simultaneously, shall give notice to the judge whose ruling is at issue, by requesting a return date to be set by the judge within the time period provided for in Rule 4-3."

Under Rule 4-3, Uniform Rules, Courts of Appeal,

> [t]he judge who has been given notice of intention as provided by Rule 4-2 shall immediately set a reasonable return date within which the application shall be filed in the Court of Appeal. The return date in civil cases shall not exceed 30 days from the date of notice of the judgment, as provided in La. C.C.P. art. 1914. In criminal cases, unless the judge orders the ruling to be reduced to writing, the return date shall not exceed 30 days from the date of the ruling at issue. When the judge orders the ruling to be reduced to writing in criminal cases, the return date shall not exceed 30 days from the date the ruling is signed. In all cases, the judge shall set an explicit return date; a Court of Appeal shall not infer a return date from the record.
> Upon proper showing, the trial court or the Court of Appeal may extend the time for filing the application upon the filing of a motion for an extension of the return date by the applicant, filed within the original or an extended return date period. An application not filed in the Court of Appeal within the time so fixed or extended shall not be considered, in the absence of a showing that the delay in filing was not due to the applicant's fault. The application for writs shall contain documentation of the return date and any extensions thereof; any application that does not contain this documentation may not be considered by the Court of Appeal.

This Court has consistently recognized that the time period for filing a notice of intent pursuant to Rules 4-2 and 4-3, Uniform Rules, Courts of Appeal is thirty days from the date of notice of the judgment, if a written judgment has been prepared, or from the date of the oral ruling rendered, if no written judgment has been prepared. *Rieth v. Munguia*, 2023-0547, pp. 3-4 (La. App. 4 Cir. 5/30/24), ___ So.3d ___, ___. 2024 WL 2763774, at *2; *Fairley v. Poche*, 2022-0247, p. 4 (La. App. 4 Cir. 9/7/22), 367 So.3d 22, 24; *McGaha v. Franklin Homes, Inc.*,

3

2021-0244, pp. 25-26 (La. App. 4 Cir. 2/4/22), 335 So.3d 842, 858–859; *Vigne v. Cooper Air Freight Servs.*, 2021-0205, p. 6 (La. App. 4 Cir. 5/12/21), 321 So.3d 440, 443–444.

In setting a return date upon the filing of a notice of intent, the trial court may implicitly grant a return date of more than thirty days by setting the return date more than thirty days from the date of notice of the judgment. *Hester v. Hester*, 98-0854, p. 3 (La. App. 4 Cir. 5/13/98), 715 So.2d 40. The trial court may also grant a motion for extension of the return date filed on or before the original return date. *Barnard v. Barnard,* 96–0859 (La. 6/24/96), 675 So.2d 734. However, the trial court does not have authority to grant an extension of the return date when the motion for extension is filed after the return date set in the prior order. *Carter v. Rhea*, 2001-0234, p.3 (La. App. 4 Cir. 4/25/01), 785 So.2d 1022, 1024; *Levert v. St. Bernard Par. Sch. Bd.*, 2000-2216, pp. 1-2 (La. App. 4 Cir. 10/20/00), 772 So.2d 236, 236–237; *Tower Credit, Inc. v. Bradley*, 2015-1164, p. 4 (La. App. 1 Cir. 4/15/16), 194 So.3d 62. This Court has held that a trial court cannot extend the time for filing under Rule 4-3 after the time has expired. *Ross v. City of New Orleans*, 96-1853, p. 2 (La. App. 4 Cir. 9/13/96), 694 So.2d 973, 974. This Court has consistently denied writ applications on the basis of untimeliness.

In *Carter v. Rhea,* the relators filed their writ application with this Court four months after the trial court issued its written judgment on September 7, 2000. This Court noted that the writ application, on its face, was untimely, and could only be considered if an exception to the thirty day rule applied. The relators suggested that their writ application was timely because they had filed a motion for new trial from a partial summary judgment. The Court declined to adopt the relators'

4

argument, found that none of the exceptions to thirty-day rule applied and dismissed the writ application as untimely.

**CONCLUSION**

In the present matter, the trial court was without authority to continually extend the return date because the motions for extension of the return date were untimely. There is no evidence that the February 9, 2024 notice of intent was timely filed given that the defendant did not produce a signed order setting a return date from the notice of intent filed on October 10, 2023. In response to the February 14, 2024, the trial court set the return date within the "delays allowed by law." As stated above, the return date would have been November 16, 2023. No writ application was filed at that time.

Thereafter, the defendant waited until March 24, 2024, more than thirty days from the trial court order of February 14, 2024, to file its third motion for extension of the return date. The fourth motion for extension of the return date, filed on April 25, 2024, was also untimely.

For the foregoing reasons, the OPSO's writ application is granted, but relief denied as untimely.

**WRIT GRANTED;
RELIEF DENIED AS UNTIMELY.**