| | | |
|---|---|---|
| SARAH SALLEY | * | NO. 2024-C-0494 |
| VERSUS | * | |
| | | COURT OF APPEAL |
| R B LAWS BUILDERS, LLC, | * | |
| DANA BAUMER WIFE | | FOURTH CIRCUIT |
| OF/AND RENE BAUMER, ABC | * | |
| INSURANCE COMPANY, AND | | STATE OF LOUISIANA |
| XYZ INSURANCE COMPANY | * * * * * * * | |

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-03716, DIVISION "I-14"
Honorable Lori Jupiter, Judge
* * * * * *
**Judge Sandra Cabrina Jenkins**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Sandra Cabrina Jenkins, Judge Tiffany Gautier Chase)

Anthony Irpino,
Kacie F. Gray
IRPINO, AVIN & HAWKINS LAW FIRM
2216 Magazine Street
New Orleans, LA 70130

    COUNSEL FOR PLAINTIFF/RESPONDENT- SARAH SALLEY

Barry G. Toups
Gwendolyn K. Brown
Mandie S. Lucas
LAW OFFICES OF THE GL TRUST
600 Laurel Street, Suite D
Baton Rouge, Louisiana 70802

    COUNSEL FOR DEFENDANT/RELATOR – R B LAWS BUILDERS,
LLC

                          **WRIT GRANTED.**
        **APPLICATION FOR SUPERVISORY WRITS**
                **DISMISSED AS UNTIMELY.**
                    **AUGUST 29, 2024**

SCJ
TFL
TGC

Defendant/relator, R B Law Builders, LLC filed an application for supervisory writs with this Court on August 9, 2024, in which it sought review of the trial court's judgment of April 24, 2024, denying its motion for summary judgment. On review of the writ application, it appeared that it was untimely, and this Court on August 13, 2024, ordered R B Law Builders, LLC to show cause why its writ application should be dismissed as untimely. R B Law Builders, LLC filed its response to the show cause order on August 21, 2024. Upon review of the response, we find, for the foregoing reasons, that the writ application is untimely.

The trial court rendered its written judgment denying R B Law Builders, LLC's motion for summary judgment on April 24, 2024, which notice of signing was mailed on May 2, 2024. R B Laws Builders, LLC filed its notice of intent on May 20, 2024, and trial court signed the order on May 28, 2024, providing a return date within "the legal delays allowed by law". R B Laws Builders filed a motion for extension of the return date on June 14, 2024, which the trial court granted on June 27, 2024, and set a return date within "the legal delays provided by law". R B

1

Law Builders, LLC filed a second motion for extension of the return date on July 8, 2024, which the trial court granted on July 9, 2024, and set a return date for August 9, 2024.

Rule 4-3, Uniform Rules, Courts of Appeal provides that the return date in civil cases shall not exceed thirty days from the date of the notice of judgment, as provided in La. C.C.P. article 1914, that "[u]pon proper showing, the trial court or the Court of Appeal may extend the time for filing the application upon the filing of a motion for an extension of the return date by the applicant, filed within the original or an extended return date period."

R B Law Builders, LLC avers that it had thirty days from May 20, 2024 (the date the notice of intent was filed) to file its motion for extension. However, that the writ application is untimely because the original return date period expired June 3, 2024, and R B Law Builders, LLC did not file a motion for extension until June 14, 2024. R B Law Builders, LLC also relies upon jurisprudence which provides that a trial court may extend a return date more than thirty days. However, these cases are distinguishable because the return dates were specific, and all notices of intent were filed on or before the expiring return date.[1]

---

[1] The Supreme Court recognized that a trial court has the authority to extend a return date beyond the thirty day period when a relator has timely filed his notice of intent in *Barnard v. Barnard*, 96-0859 (La. 6/24/96), 675 So.2d 734. In *Barnard*, the relator filed a notice of intent on February 6, 1996, in regards to a judgment signed by the trial court on January 25, 1996. The trial court set a return date of March 15, 1996, and the relator filed his application for supervisory writs with the court of appeal on March 8, 1996.

In *Hester v. Hester*, 98-0854 (La. App. 4 Cir. 5/13/98), 715 So.2d 40, the relator filed an application for supervisory writs seeking review of the trial court's March 11, 1998 judgment denying his motion to stay judgment. Relator timely noticed his intent to apply for writs, and the trial court set a return date of April 15, 1998. This Court, citing *Watts v. Dorignac,* 95-2285 (La.

The present matter is akin to *Uddo v. Gusman*, 2024-0319 (La. App. 4 Cir. 7/8/24), ___ So.3d ___, 2024 WL 332618[2], in which this Court denied relief as untimely. In *Uddo*, the trial court mailed the notice of judgment on October 16, 2023, and the defendant filed a notice of intent to seek supervisory writs on October 10, 2023. The trial court did not sign an order setting a return date. The defendant filed a second notice of intent on February 9, 2024, and on February 14, 2024, the trial court set a return date as within the "delays provided by law." This Court found that "[p]ursuant to this order, the return date would have been November 16, 2023 [thirty days from the October 16, 2023 notice of judgment]." *Uddo*, 2024-0319, p. 2, --- So.3d at ---, 2024 WL 3326158 at *1.

On March 25, 2024, the defendant in *Uddo* filed a third motion for extension of the return date, and the trial court set the return date as "thirty days from the date of the order", which was signed on March 25, 2024. *Id*. This Court recognized that March 2024 had thirty-one days, making the return date April 24, 2024. The *Uddo* defendant filed a fourth motion for extension of time on April 25,

---

App. 1 Cir. 4/22/96), 681 So.2d 955, found that the trial court implicitly extended the return date prescribed by Rule 4–3, Uniform Rules of Louisiana Courts of Appeal.

The defendant in Causey v. Caterpillar Mach. Corp., 2002-0746 (La. App. 4 Cir. 6/26/02), 822 So.2d 188, filed a notice of intent to seek supervisory review of the trial court's judgment of March 11, 2002, denying its motion for abandonment. On March 18, 2002, the trial court set the return date for April 17, 2024. This Court found that the trial court implicitly extended the thirty day period set by Rule 4–3, Uniform Rules of Louisiana Courts of Appeal. The defendant thereafter filed its writ application on April 16, 2002.

[2] Notice of the judgment in *Uddo* was sent on July 8, 2024. Rule 2-18.2, Uniform Rules, Courts of Appeal, provides that an application for rehearing shall be filed within fourteen days after transmission of the notice of judgment. The relator did not file an application for rehearing in this Court. The time period for filing a writ of certiorari with the Louisiana Supreme Court has expired. See La. C.C.P. article 2166; Rule X, Sec. 5, La. Sup. Ct. Rules.

2024, and the trial court set the return date as thirty days from the date of the order signed on May 2, 2024. The defendant filed its writ application on May 29, 2024.

This Court found that the *Uddo* defendant's writ application was untimely pursuant to Uniform Rules, Courts of Appeal, Rule 4-3, finding as follows:

> This Court has consistently recognized that the time period for filing a notice of intent pursuant to Rules 4-2 and 4-3, Uniform Rules, Courts of Appeal is thirty days from the date of notice of the judgment, if a written judgment has been prepared, or from the date of the oral ruling rendered, if no written judgment has been prepared. *Rieth v. Munguia*, 2023-0547, pp. 3-4 (La. App. 4 Cir. 5/30/24), ⸺ So.3d ⸺, ⸺. 2024 WL 2763774, at *2; *Fairley v. Poche*, 2022-0247, p. 4 (La. App. 4 Cir. 9/7/22), 367 So.3d 22, 24; *McGaha v. Franklin Homes, Inc.,* 2021-0244, pp. 25-26 (La. App. 4 Cir. 2/4/22), 335 So.3d 842, 858–859; *Vigne v. Cooper Air Freight Servs*., 2021-0205, p. 6 (La. App. 4 Cir. 5/12/21), 321 So.3d 440, 443–444.

> In setting a return date upon the filing of a notice of intent, the trial court may implicitly grant a return date of more than thirty days by setting the return date more than thirty days from the date of notice of the judgment. *Hester v. Hester*, 98-0854, p. 3 (La. App. 4 Cir. 5/13/98), 715 So.2d 40. The trial court may also grant a motion for extension of the return date filed on or before the original return date. *Barnard v. Barnard*, 96-0859 (La. 6/24/96), 675 So.2d 734. However, the trial court does not have authority to grant an extension of the return date when the motion for extension is filed after the return date set in the prior order. *Carter v. Rhea*, 2001-0234, p.3 (La. App. 4 Cir. 4/25/01), 785 So.2d 1022, 1024; *Levert v. St. Bernard Par. Sch. Bd*., 2000-2216, pp. 1-2 (La. App. 4 Cir. 10/20/00), 772 So.2d 236, 236–237; *Tower Credit, Inc. v. Bradley*, 2015-1164, p. 4 (La. App. 1 Cir. 4/15/16), 194 So.3d 62. This Court has held that a trial court cannot extend the time for filing under Rule 4-3 after the time has expired. *Ross v. City of New Orleans*, 96-1853, p. 2 (La. App. 4 Cir. 9/13/96), 694 So.2d 973, 974. This Court has consistently denied writ applications on the basis of untimeliness.

> In *Carter v. Rhea*, the relators filed their writ application with this Court four months after the trial court issued its written judgment on September 7, 2000. This Court noted that the writ application, on its face, was untimely, and could only be considered if an exception to the thirty day rule applied. The relators suggested that their writ application was timely because they had filed a motion for new trial from a partial summary judgment. The Court declined to adopt the

4

relators' argument, found that none of the exceptions to thirty-day rule applied and dismissed the writ application as untimely.

*Uddo*, 2024-0319, pp. 3-5, --- So.3d at ---, 2024 WL 3326158 at *2-3.

This Court held that "the trial court was without authority to continually extend the return date because the motions for extension of the return date were untimely", and "[t]here [wa]s no evidence that the February 9, 2024 notice of intent was timely filed given that the defendant did not produce a signed order setting a return date from the notice of intent filed on October 10, 2024." *Uddo*, 2024-0319, p. 5, --- So.3d at ---, 2024 WL 3326158 at *3.

Additionally, this Court emphasized that "[i]n response to the February 14, 2024, the trial court set the return date within the 'delays allowed by law[]', which "would have been November 16, 2024." *Id*. Because the *Uddo* defendant waited until March 24, 2024, more than thirty days from the trial court order of February 14, 2024, to file its third motion for extension of the return date, the fourth motion for extension of the return date, filed on April 25, 2024, was also untimely.

In the present matter, notice of signing of the judgment was mailed on May 2, 2024. R B Laws Builders, LLC filed its notice of intent on May 20, 2024, and trial court signed the order on May 28, 2024, providing a return date within "the legal delays allowed by law". R B Laws Builders filed a motion for extension of the return date on June 14, 2024. Given that the return day set was "within the legal delays allowed by law", the return date would have been June 2, 2024. The motion for extension of the return date filed on June 14, 2024, was untimely, and the trial court was without authority to extend the return date. All extensions

5

granted by the trial court after that were beyond the trial court's authority to extend the return date.[3]

Accordingly, R B Law Builders, LLC's application for supervisory writs is granted, but the application for supervisory writs is dismissed as untimely.

**WRIT GRANTED.**
**APPLICATION FOR SUPERVISORY WRITS**
**DISMISSED AS UNTIMELY.**

---

[3] In response to R B Laws Builders LLC's motion for extension of the return date filed on June 14, 2024, trial court granted set a return date within "the legal delays provided by law". Under Rule 4-3, Uniform Rules, Courts of Appeal and the jurisprudence there under, the return date would have been June 2, 2024. Thus, the second motion for extension filed on July 8, 2024, was also untimely, and the trial court was without authority to extend the return date.