NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CW 17-83

ANTOINE JOSEPH DRESSEL, ET AL.

VERSUS

CONSOLATA NURSING HOME, INC.

**********

SUPERVISORY WRIT APPLICATION FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 123,088
HONORABLE LORI A. LANDRY, DISTRICT JUDGE

**********

**ELIZABETH A. PICKETT**
**JUDGE**

**********

Court composed of John D. Saunders, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

WRIT DENIED.

**Troy Allen Broussard**
**Allen & Gooch, A Law Corporation**
**P. O. Box 81129**
**Lafayette, LA 70598-1129**
**(337) 291-1370**
**COUNSEL FOR DEFENDANT- RESPONDENT**
    **Consolata Nursing Home, Inc.**

**Alicia Johnson Butler**
**Alicia Johnson Butler & Associates, APLC**
**P. O. Box 9097**
**New Iberia, LA 70562**
**(337) 369-3323**
**COUNSEL FOR PLAINTIFFS-APPLICANTS**
    **Antoine Joseph Dressel**
    **Johnny A. Dressel**
    **Lorenza Dressel Hanvy**
    **Lorenza Dressel Hanvy o/b/o Antoine D. Dressel**

**PICKETT, Judge.**

The plaintiffs in this medical malpractice action seek supervisory writs from the trial court's judgment dated December 9, 2016, that denied their motion for appeal. For the reasons discussed below, the writ application is denied.

**FACTS AND PROCEDURAL HISTORY**

Antoine Joseph Dressel, Johnny A. Dressel, and Lorenza Dressel Hanvy are the adult children of decedent, Antoine Duke Dressel (Mr. Dressel). The Dressels filed a medical malpractice suit against Consolata Nursing Home, Inc. Mr. Dressel had been a resident in the nursing home when he began to experience certain health problems. Examination of Mr. Dressel by a doctor was delayed, and, ultimately, an ambulance had to be called to take him to the hospital. The Dressels allege that one of Consolata's staff members lied to one of Mr. Dressel's children about Mr. Dressel having been seen by a doctor at the nursing home and that because of Consolata's actions, he was put into a life-threatening condition.

In the course of this litigation, Consolata filed a motion for summary judgment which was denied, and it later reurged the motion. On July 21, 2016, at the completion of a hearing on the second motion for summary judgment, the trial court granted summary judgment dismissing the Dressels' claims against Consolata. The Dressels' counsel gave oral notice of her intent to file an application for supervisory writs. Counsel filed a written notice of intent to seek writs on August 3, 2016, which indicated that the Dressels were seeking review of the trial court's July 21, 2016 oral ruling. Some confusion arose regarding the setting of the return date, which the trial court resolved, and the trial court then set the return date. The Dressels did not file a writ application.

On August 1, 2016, the trial court signed a written judgment granting summary judgment and dismissing the Dressels' suit. Notice of the signing of this judgment was sent on August 4, 2016.[1] On October 26, 2016, the Dressels filed a motion and order for appeal. The trial court wrote "denied" across the order and dated and signed it November 7, 2016.[2]

The Dressels filed a second motion and order for appeal on November 28, 2016. On December 9, 2016, the trial court signed an order denying this second motion for being untimely. The trial court's clerk's office did not mail notice of this order until December 22, 2016. The Dressels filed a notice of intent to seek supervisory writs on January 10, 2017. On January 17, 2017, the trial court signed the order setting the return date for the writ application for January 23, 2017, but the trial court's clerk of court did not send notice of the signing of this order until January 24, 2017.

The instant writ application was received by this court on January 31, 2017, but this court's clerk of court returned the application to the Dressels' counsel for corrections. On February 8, 2017, the corrected writ application was filed in this court.

In their notice of intent to seek supervisory writ of review, the Dressels' state that they intend to seek review of the trial court's judgment "rendered December 9, 2016." In their writ application, however, they assign error with:

---

[1] Not all documents referenced herein are contained in the writ application; some are contained in Consolata's opposition and/or motion to dismiss the writ application.

[2] In August 2016, severe flooding occurred in numerous southern parishes. To insure that the rights of parties to litigation in those parishes were not negatively impacted by hardships caused by the weather, three Executive Orders suspended all legal delays in litigation pending in those parishes for the period August 15-September 30, 2016. *See* Executive Orders JBE Number 2016-53, 2016-57, and 2016-66.

1) The trial court's grant of Consolata's "Motion to Re-urge Summary Judgment on July 21, 2016[,]" and

2) The trial court's denial of their "Motion and Order for Devolutive Appeal filed on October 26, 2016."

Furthermore, the Dressels conclude their writ application with, "WHEREFORE, it is respectfully prayed for that this Court grant the instant writ application and grant [the Dressels'] Motion for Devolutive appeal of [the] trial court's granting of [Consolata's] Re-urged Motion for Summary Judgment at Defendant's costs."

Consolata filed a Motion to Dismiss Application for Supervisory Writ of Certiorari and Review and an Opposition to the Dressels' writ application.

**SUPERVISORY RELIEF**

*July 21, 2016 Grant of Summary Judgment*

In its Motion to Dismiss the writ application, Consolata first directs this court to the fact that in their notice of intent for the instant writ application, the Dressels stated they were seeking review only of the December 9, 2016 ruling that denied the second motion for appeal. Therefore, Consolata contends that the summary judgment granted in its favor and that the trial court's denial of the Dressels' first motion for appeal are not properly before this court.

The trial court's grant of Consolata's reurged motion for summary judgment was reduced to a written judgment, signed August 1, 2016, that dismissed the Dressels' suit. Therefore, that judgment is a final judgment that should only be reviewed by this court through the proper and timely filing of an appeal from that judgment. La.Code Civ.P. arts. 1841 and 2083. The Dressels filed a motion to appeal that judgment on October 26, 2016, but the trial court denied the motion on November 7, 2016. The denial of a motion to appeal is not a final judgment and, therefore, is not reviewable on appeal. *Id.*

3

The Dressels did not seek supervisory review of the trial court's denial of their motion to appeal, and the delay for seeking supervisory review of the denial of that motion lapsed. *See* Uniform Rules—Courts of Appeal, Rule 4–3 which allows thirty days for filing a writ application. *See also Clement v. Am. Motorists Ins. Co.,* 98-504 (La.App. 3 Cir. 2/3/99), 735 So.2d 670, *writ denied*, 99-603 (La. 4/23/99), 742 So.2d 886. Accordingly, the summary judgment dismissing the Dressels' claims is not properly before this court.

### December 9, 2016 Denial of Motion to Appeal

Consolata also contends that the Dressels' writ application was not timely filed as to the trial court's December 9, 2016 denial of their November 28, 2016 motion to appeal and urges this court to decline to exercise its supervisory jurisdiction to review the propriety of the trial court's ruling.

The notice of the trial court's denial of the December 9, 2016 motion and order for appeal was mailed to the parties on December 22, 2016, and the Dressels timely filed their notice of intent on January 10, 2017. On January 17, the trial court set the return date for the thirtieth day following the mailing of the notice, i.e., January 23.[3] This court received the Dressels' writ application on January 30, 2017. The clerk of this court returned the writ application to the Dressels' counsel for corrections. The corrected writ application was received on February 8, 2017. The trial court's clerk of court did not mail the order setting the return date for January 23, 2017, until January 24, 2017.

If the Dressels had filed their writ application with this court on or before January 23, as required by Rule 4–3, this court could have considered the writ application as timely filed. *See Clement*, 735 So.2d 670. Moreover, Rule 4–3

---

[3] The actual thirtieth day fell on Saturday, January 21, 2017.

allows for the extension of the thirty-day deadline for filing a writ application but further provides: "An application not filed in the appellate court within the time so fixed or extended shall not be considered, in the absence of a showing that the delay in filing was not due to the applicant's fault." Accordingly, "[a]n application not filed in the appellate court within the time so fixed or extended shall not be considered, in the absence of a showing that the delay in filing was not due to the applicant's fault." *Tower Credit, Inc. v. Bradley*, 15-1164, p. 4 (La.App. 1 Cir. 4/15/16), 194 So.3d 62, 65. *See also Carter v. Rhea*, 01-234 (La.App. 4 Cir. 4/25/01), 785 So.2d 1022.

The Dressels did not file their writ application within the thirty-day delay provided by Rule 4–3, and they did not obtain an extension within which to file it. Moreover, no explanation has been provided as to why the writ application was mailed on January 30, 2017, six days after the mailing of the notice of the trial court's ruling setting the return date for the writ.[4] Accordingly, the Dressels have not shown that the late filing was not due to their own fault. For these reasons, the Dressels' writ application is denied because it was not filed timely.

**WRIT DENIED.**

---

[4] This court's clerk of court's office makes notations of the postmark date of such documents, and in this instance, those notes indicate the postmark was dated January 30, 2017.