GOTHARD, Judge.
This is an appeal of a conviction of driving while intoxicated, in violation of LSA-R.S. 14:9s.[1] The defendant, James N. Easley, Sr., was found guilty as charged, fined $500.00 plus costs, and sentenced to six months in Parish Prison, suspended upon payment of the fine and costs. The court ordered him to attend a drivers’ improvement program and substance abuse program and to work four eight-hour days of community service, placing him on inactive probation for one year.
The defendant filed three assignments of error, of which we consider only numbers one and three, number two being deemed abandoned as it was not briefed. The two under consideration are:
1) The trial court erred in failing to find a violation of the defendant’s constitutional right to present a defense under article I, section 16 of the Louisiana Constitution.
3) Any and all errors patent on the face of the record.
FACTS:
Late in the evening of December 9, 1986, James Easley was driving an empty school bus on River Road in Destrehan. In response to a radio report of a suspected drunken driver, Sgt. Jonothan Walsdorph of the St. Charles Parish Sheriff's Office followed the bus for about three-tenths of a mile, along with Officer Jackson who had first spotted the bus. He observed that it ran off the road and also crossed the center line several times. He pulled the bus over and when Easley left the vehicle Wals-dorph noted that he smelled of alcohol, staggered, and leaned against the bus. He said to the two officers, “I’m glad to see you’re doing your job.”
Sgt. Walsdorph reported his observations of Easley after he left the bus as follows:
... As soon as I spoke to him, I noted he had an odor of an alcoholic beverage coming from his person. In speaking with him and further observing his coordination and so forth, it finally led me to believe that he was intoxicated.
Walsdorph administered a field sobriety test consisting only of the finger-to-nose test, which the defendant performed hesitantly with one hand and unsatisfactorily with the other. Walsdorph then placed him under arrest and took him to jail. After reading the defendant his rights Walsdorph administered a breath intoxilizer test, which showed a blood alcohol concentration of 0.20 per cent. Easley acquiesced readily to taking the test.
At trial the defendant testified that on the evening of his arrest he was driving the bus with two flat tires and a third nearly flat at the rear end. He had driven to a tire repair man’s home to have the tires fixed and while waiting for the man to come in had a drink with his wife. He left *365 before the man returned, carrying along a “half-drink” which the repair man’s wife had put in a container for him. He explained his staggering as a result of painful burns to his ankles from a chemical fire. (Walsdorph in his testimony acknowledged being aware of Easley’s problem with standing and had eliminated all but the hand tests from the field sobriety test.)
Easley testified further that he was taking prescription medications and “would like to have a blood test to go along with this [the breath intoxilizer test],” which he would pay to have administered.[2] He stated that, although he asked Walsdorph several times, his request was refused.
In ruling from the bench the judge stated that his reasons for finding in favor of the state were: 1) that he did not believe the defendant’s statement that he asked for and was refused a blood test; 2) that the 0.20 percentage of alcohol shown by the breath test would indicate defendant drank more than one highball; and 3) that Easley said to the officers when they stopped him, “I’m glad to see you’re doing your job.” The judge interpreted the statement to mean that the job was “to get drunk drivers off the highways of St. Charles Parish, and particularly drunk drivers that might be driving school buses. ...”
ERROR NUMBER ONE: VIOLATION OF CONSTITUTIONAL RIGHT TO PRESENT A DEFENSE.
At the end of trial and in this appeal the defendant argues that because the officer failed to allow him to have a blood test conducted by a qualified person of his own choosing, he was deprived of his constitutional right to present a defense, as provided in La.Const. of 1974, art. 1 sec. 16. He argues that, because of the violation of his right, the bill of information should be dismissed.
Under LSA-R.S. 32:664(B) the defendant who submits to a chemical test at the direction of a law enforcement officer must be advised of the right and be given the opportunity to have a qualified person of his own choosing administer additional tests. State v. Vinson, 444 So.2d 1210 (La.1984); State v. Bennett, 498 So.2d 230 (La.App. 1st Cir.1986). The factual situation in which a defendant’s request was found to have been refused has not appeared in a reported case, according to our search of the jurisprudence.
The appellant asserts that the trial judge was in error when it failed to find as a fact that the defendant did request a blood test.
The appellate court is limited in its review of criminal cases to findings of law by the Louisiana Constitution of 1974, article 5, section 10(B) and article 5, section 5(C). The role of the appellate court is summarized in State v. Rosiere, 488 So.2d 965 (La.1986), as follows, at 968:
... It is not the function of an appellate court to assess credibility or reweigh the evidence. Appellate review for minimal constitutional sufficiency of evidence is a limited one restricted by the standard developed in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). State v. Trosclair, 443 So.2d 1098 (La.1983); State v. Richardson, 425 So.2d 1228 (La.1983).
In the instant case, while we agree that, contrary to a statement by the state’s counsel, the transcript contains no testimony by Walsdorph denying that defendant asked for his own test, we see no reason to disturb the trial court’s assessment of Eas-ley’s or Walsdorph’s credibility. However, the defendant relies upon the principle cited in Olds v. Ashley, 250 La. 935, 200 So.2d 1 (1967), that evidence of witnesses which stands uncontradicted must be accepted as *366 true. Our search of the jurisprudence has failed to reveal any criminal cases where courts have applied this principle. We note further that in civil cases the principle has been modified to include the caveat, "... where the record indicates no sound reason for its rejection....” Robertson v. Scanio Produce, 449 So.2d 459 (La.1984), at 462, 463. See also Work of Appellate Courts— 1967-1968, 29 La.L.Rev. 318-319.
We note that Easley did not move to suppress the results of the intoxilizer test. No medical witnesses were called to testify as to the specific medications Easley was taking and their possible effect upon the intoxilizer results. Easley did not remember the names of the medicines and did not bring the bottles to trial. As to the alleged flat tires, which Easley said accounted for the bus’ swerving, Officer Walsdorph testified that Easley had not mentioned a problem that night and he himself observed no problem with the tires. As the officer followed behind the bus for three-tenths of a mile, he almost certainly would have noticed if the rear tires were flat. The man who allegedly repaired the tires later that night was not called to corroborate the defendant’s testimony.
In view of the inconsistencies in the record cited above, we have no reason to question the court's finding that Easley did not request additional testing.
ERROR NUMBER THREE: ERRORS PATENT
We have reviewed the record for errors patent on the face of the record and find none which warrant consideration.
For the reasons assigned, the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. Because the offense is not triable by jury, a defendant convicted of a first DWI offense has no right of appeal to this court but may obtain a review by application for supervisory writs. Accordingly, we have treated this appeal as a writ application and find that it makes a sufficient showing to justify review of the merits of defendant’s claims. State v. St. Amant, 504 So.2d 1094 (La.App. 5th Cir.1987), writ denied — So.2d — (La.1987).

. The statute providing for an additional test, LSA-R.S. 32:664(B) reads as follows:
The person tested may have a physician or a qualified technician, chemist, registered nurse or other qualified person of his own choosing administer a chemical test or tests in addition to any administered at the direction of a law enforcement officer. After being advised of this right as provided in R.S. 32:661(C), he shall be given the opportunity to telephone and request the qualified person to administer such test. The failure or inability to obtain an additional test by a person shall not preclude the admission of evidence relating to the test or tests taken at the direction of a law enforcement officer.