993 So.2d 1188 (2008)
STATE of Louisiana
v.
Kathryn GOPPELT.
No. 2008-OK-0576.
Supreme Court of Louisiana.
October 31, 2008.
PER CURIAM.
Relator, Kathryn Goppelt, seeks relief in this Court from the court of appeal's order denying as "not considered" her application to review her conviction for simple battery in violation of La.R.S. 14:35, and sentence of a $100 fine or five days in jail in default, on grounds that defense counsel did not timely file in the district court for an extension of the original 30-day return date for taking supervisory writs before the return date expired. State v. Goppelt, 07-2377 (La.App. 1st Cir.12/27/07); see Uniform Rules-Courts of Appeal, Rule 4-3 (requiring a motion to extend the original return date for seeking supervisory review to be filed within the original return date period). Rule 4-3 explicitly *1189 states that "[a]n application not filed in the appellate court within the time so fixed or extended shall not be considered, in the absence of a showing that the delay in filing was not due to applicant's fault." The court of appeal further noted defects in the affidavit supporting the application as required by Uniform Rules-Courts of Appeal, Rule 4-5. Relator alleges that, in fact, counsel's motion for an extension of the return date was filed within the original 30-day period and argues that, in any event, any delay was not due to her fault and should no more deprive her of review of her conviction and sentence than should defects in the affidavit submitted by counsel in support of her application, which may be cured by requiring a conforming affidavit.
Rule 4-3 "promotes the finality of interlocutory rulings and prevents unnecessary delay in the administration of ongoing litigation." Ross v. City of New Orleans, 96-1853, p. 2 (La.App. 4th Cir.9/13/96), 694 So.2d 973, 974. The rule should be sparingly applied in cases in which a defendant does not unreasonably delay in asserting her constitutional and statutory right to seek supervisory review in the court of appeal of proceedings that have concluded in conviction and sentence. La. Const. art. 5, § 10(C); La.C.Cr.P. art. 912.1(C)(1). In the present case, even assuming that counsel filed his motion to extend the return date three days after the original 30-day period elapsed, the delay, as to which the state apparently had no objection and which may have stemmed from confusion created by the intervening New Years holidays, no more impeded the prompt review of her claims than if the trial court had originally set a return date of slightly more than 30 days from her conviction and sentence. Barnard v. Barnard, 96-0859, p. 1 (La.6/24/96), 675 So.2d 734 (although trial court set a return date more than 30 days from the date of its ruling, the trial court "had authority under Rule 4-3 to extend the deadline ... since it was the trial court who violated Rule 4-3 and since relator filed his application within the time limit authorized in the order of the trial court, there is no justification for penalizing relator or his client by refusing to consider the application.").
Accordingly, the order of the court of appeal is vacated and this case is remanded for consideration of relator's application on the merits after counsel has conformed to the affidavit requirements of Uniform Rule 4-5 at the court's direction.
KIMBALL, TRAYLOR and KNOLL, JJ., would deny.