NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

KA10-55

STATE OF LOUISIANA

VERSUS

CHARLES WASHINGTON

**********

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CONCORDIA, NO. 08-0310
HONORABLE LEO BOOTHE

**********

**BILLY H. EZELL**
**JUDGE**

**********

Court composed of Sylvia R. Cooks, Billy H. Ezell, and Shannon J. Gremillion, Judges.

**APPEAL DISMISSED. DEFENDANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS OF THE DATE OF THIS OPINION.**

Hon. Bradley R. Burget
District Attorney
4001 Carter Street, Suite 4
Vidalia, LA 71373
COUNSEL FOR APPELLEE:
    State of Louisiana

W. Jarred Franklin
Louisiana Appellate Project
3001 Ole Minden Road
Bossier City, LA 71112
COUNSEL FOR APPELLANT:
    Charles Washington

**Ezell, J.**

On March 10, 2009, after a bench trial, the trial court convicted the Defendant, Charles Washington, of simple battery, a violation of La.R.S. 14:35. The trial court then sentenced the Defendant on March 11, 2009, to six months in the parish jail, to run concurrently with any other sentence he may be serving. On September 29, 2009, the Defendant filed an application for post conviction relief, seeking an out-of-time appeal, and the instant appeal was granted. Thereafter, this court issued a rule to show cause why the appeal should not be dismissed as it is not appealable. In response, the Defendant filed a memorandum in this court, acknowledging that he was not entitled to an appeal. The Defendant requested that this appeal be dismissed and he be granted thirty days from its dismissal to file an application for supervisory writs.

The judgment at issue, a misdemeanor conviction, is not appealable. La.Code Crim.P. art. 912.1. That being the case, we hereby dismiss the Defendant's appeal. However, the Defendant may seek supervisory writs within thirty days of the date of this decision. The Defendant is not required to file a notice of intent to seek writs nor obtain an order from the trial court setting a return date as is generally required by Uniform Rules–Courts of Appeal, Rule 4-3. Although the Defendant did not seek a timely appeal which could be construed as a timely filed notice of intent to seek a supervisory writ, in the absence of a showing that the delay in seeking review was due to the Defendant's fault and in the absence of any objection by the State, the Defendant's application for supervisory writs will be considered on the merits. *State v. Goppelt*, 08-576 (La. 10/31/08), 993 So.2d 1188.

**APPEAL DISMISSED. DEFENDANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS OF THE DATE OF THIS OPINION.**