PER CURIAM.
| (Writ granted; case remanded to the Third Circuit Court of Appeal. Given that relator has shown that he filed his writ application within the delay established by the district court following its September 7, 2012, judgment, the court of appeal erred when it dismissed the pleading based on its failure to comply with Uniform Rules — Courts of Appeal, Rule, 4-3. See, e.g. State v. Goppelt, 08-0576, p. 2 (La.10/31/08), 993 So.2d 1188, 1189 (Rule 4-3 “should be sparingly applied in cases in which a defendant does not unreasonably delay in asserting her constitutional and statutory right to seek supervisory review in the court of appeal of proceedings that have concluded in conviction and sentence”); see also Barnard v. Barnard, 96-0859, p. 1 (La.6/24/96), 675 So.2d 734 (the trial court’s fixing of return date more 30 days from the date of its adverse judg *161 ment was not a basis for refusing to consider a writ application when the petitioner complied with the return date fixed). The Third Circuit is therefore ordered to consider the writ application on the merits.