GRAVOIS, J.
| ^INTRODUCTION
On May 31, 2016, defendant, Darrell Philip Bourg, Sr., filed a writ application with this Court, seeking review of his conviction on May 13, 2014 of driving while intoxicated (DWI), first offense. For the *739 following reasons, we find defendant’s writ application to be untimely, and accordingly, decline to consider the writ application.

FACTS AND PROCEDURAL HISTORY

On October 20, 2010, the Jefferson Parish District Attorney filed a bill of information alleging that on August 21, 2010, defendant operated a motor vehicle while intoxicated, first offense, in violation of La. R.S. 14:98(A)(B) (count one) and operated a motor vehicle in a negligent or careless manner, in violation of La. R.S. 32:58 (count two).
A bench trial was conducted on May 13, 2014. When the State rested, defendant moved for a directed verdict of acquittal, stating that there was no evidence to indicate that he had operated his vehicle in a careless manner, and thus, the police Officer did not have reasonable cause to conduct the stop of his vehicle. In response, the State argued that a directed verdict is not available during a bench trial and asserted the matter should have been raised in a motion to suppress. The trial court denied the directed verdict, to which defendant objected. The trial then resumed.
Prior to closing argument, the trial court found that the State had not proven the charge of careless operation, of a motor vehicle beyond a reasonable, doubt, and accordingly, found defendant not guilty as to count two. After closing argument, the trial court found defendant “guilty of DWI.” Defendant then objected to the rub ing of guilty “for purposes of appeal.” After defendant waived sentencing delays, the trial court sentenced defendant to “60 days without hard labor,” and ^suspended the sentence, and placed defendant on eleven months active probation with special conditions, including that he pay a fine of $500.00 over the term of his probation.'[1]
On May 16, 2014, defendant filed a motion for a new trial and incorporated motions to dismiss the verdict of guilty for no probable cause and to suspend imposition of the sentence. At a hearing on November 20, 2014, the trial court denied the motion for new trial, which was reduced to a written judgment signed on December 2, 2014.
On October 6, 2015, defendant filed a motion for appeal and designation of the record, which the trial court granted that same day, setting a return date of November 6, 2015. Also on October 6, 2015, defendant filed a motion for suspension of “imposition” of sentence pending appeal, which was also granted by the trial court that same day.
The next action documented in the writ application occurred on April 20, 2016, when defendant filed a request 'for a certified copy of the record for purposes of “appeal/writ.” Also on April 20, 2016, defendant filed a motion for stay of “imposition” of sentence pending “appeal/writ.” On April 21, 2016, the trial court granted defendant an appeal/writ returnable to this Court by May 17, 2016. Also on April 21, 2016, the trial court ordered that a stay be granted suspending the “imposition” of defendant’s sentence pending “appeal.” On May 17, 2016, defendant filed a second motion for “writ/appeal” and designation of *740 the record and motion for extension of time. The trial court granted an “appeal” and set a return date for May 31, 2016. Defendant filed his writ application with this Court on May 31, 2016.
'I JAW AND ANALYSIS
First offense DWI is a misdemeanor, and accordingly, is not triable before a jury. Therefore, there is no right of appeal for a defendant convicted of first offense DWI, but a defendant may obtain réview of his conviction of first offense DWI by filing an application for a supervisory writ. See State v. Easley, 517 So.2d 363 n. 1 (La.App. 5 Cir.1987).
A relator, seeking review; of a misdemeanor conviction by an application for a supervisory writ, is required to file a notice of his intention to apply for a supervisory writ in the trial court and seek a return date from the trial court, pursuant to Uniform Rules — -Courts of Appeal, Rule 4-2, which provides:
The party, or counsel of record, intending to apply to the Court of Appeal for a writ shall give to the opposing parties or opposing counsel of record, notice of such intention; notice simultaneously shall be given to the judge whose ruling is at issue, by requesting a return date to be set by the judge within the time period provided for in Rule k-S, (Emphasis added.)
Further; Uniform Rules — Courts of Appeal, Rule 4-3 provides, in pertinent part:
The judge who has been given notice of intention as provided by Rule 4-2 shall immediately set a reasonable return date within which the application shall be filed in the appellate court_ In criminal cases, unless the judge orders the ruling to be reduced to writing, the return date shall not exceed 30 days from the date of the ruling at issue. When the judge orders the ruling to be reduced to writing in criminal cases, the return date shall not exceed 30 days from the date the ruling is signed. In all cases, the judge shall set an explicit return date; an appellate court will not infer a return date from the record. Upon proper showing, the trial.court or the appellate court may extend the time for filing the application upon the filing of a motion for extension of return date by the applicant, filed within the original or an extended return date period. An application not filed in the appellate court within the time so fixed or extended shall not be considered, in the absence of a Showing that the delay in filing was not dm to the applicant’s fault. The application for writs shall contain documentation - of the return date and any extensions, thereof; any application that does not contain this documentation may not' be considered by the appellate court. (Emphasis added.)
In accordance with these Rule's, in a criminal case, for an application for a supervisory writ to be timely, a notice of intention to apply for a supervisory writ 14must be filed in the trial court within a period of thirty days from the ruling at issue (except when the judge orders that the ruling be reduced to writing, in which case the return date shall not exceed 30 days from the date the ruling is signed).
In the present case, in his writ application, defendant seeks this Court’s supervisory review of the trial éóurt’s May 13, 2014 determination that defendant was guilty of DWI. In his writ application,' defendant has not provided any documentation of a timely-filed notice of intent, return daté, or extensions following the trial court’s May 13, 2014 ruling. Defendant’s writ application only reflects that defendant filed a “motion for appeal” on October 6, 2015. This Court has previously construed a motion for appeal as a *741 notice of intent where the offense-is not appealable. See State v. Donaldson, 13-703 (La.App. 5 Cir. 11/19/13), 130 So.3d 394, 395. However, we find that defendant’s written “motion for appeal” is untimely even if construed as a notice of intent, since it was filed more than thirty days after the trial court’s May 13, 2014 ruling.[2]
Further, it is noted that defense counsel stated after the trial court’s finding of guilt on May 13,2014, “I would like the Court to note my objection on a ruling of guilty on [defendant] for purposes of appeal.” However, the trial court did not acknowledge this statement as a notice of intent, nor did the trial court set a return date in response to this statement.
Additionally, even if we were to consider this statement to be a proper notice of intent, for the following reasons, defendant’s writ application would still be untimely. Defendant filed a written “motion for appeal” on October 6, 2015, When the trial court granted defendant’s “motion for appeal,” it set a return date of November 6, 2015. Defendant’s writ application reflects that defendant did not 1 stake any action in furtherance of his “appeal” until he requested a certified copy of the record on April 20, 2016. Defendant’s writ application does not reflect that defendant filed, nor that the trial court granted, any extensions to file his writ application until May 17, 2016, after the original return date of November 6, 2015 had expired. As noted above, Rule 4-3 provides, in pertinent part, that “[u]pon proper showing, the trial court or the appellate court may extend the time for filing the application upon the filing of a motion for extension of return date by the applicant, filed within the original or an extended; return date period” (Emphasis-added.). Therefore, although the trial court on May 17, 2016 extended defendant’s return date to May 31, 2016, and he filed his writ application on that date, the writ application is untimely under Rule 4-3 because the trial court was. without authority to extend the return date after the original return date (November 6,2015) had passed.
We are. cognizant that this Court-has previously considered, though ultimately denied on the merits, a writ application where the relator filed an untimely motion for an extension of time, enumerating reasons for delay, which the trial court granted. See State v. Medina, 11-733 (La.App. 5 Cir. 9/16/11) (unpublished writ disposition). Additionally, we note that in State v. Goppelt, 08-576 (La.10/31/08) 993 So.2d 1188, 1189 (per curium), the Supreme Court reversed the Fourth Circuit because the appellate court failed to consider a writ application where counsel filed a motion to extend untimely. The Supreme Court determined that Rule 4-3 “‘promotes the finality of interlocutory rulings and prevents unnecessary delay in the administration of ongoing litigation,’ ” and “should be sparingly applied in cases in which a defendant does not unreasonably delay in asserting her constitutional and statutory *742 right to seek supervisory review in the court of appeal of proceedings that have concluded in conviction and sentence.” (Citations omitted.) In Goppelt, the high court found that the appellate 1 (¡court erred in refusing to consider the application when the delay was not unreasonable, and the State did not object.
Upon review, we find the present matter to be distinguishable from Medina and Goppelt. In his writ application, defendant enumerated no reasons as to why his “motion for appeal” and motions for extension were untimely. Additionally, we find defendant’s untimeliness in the present matter to be unreasonable, as defendant’s “motion for appeal” was not filed until almost one year and five months after defendant’s adjudication of DWI.
Accordingly, because defendant did not timely file his writ application with this Court within a period of thirty days from the ruling at issue, nor within the later-established original return date, and did not include in his writ application proper documentation of any additional extensions of time granted by the trial court within the original return date, we find defendant’s writ application to be untimely.

CONCLUSION

For the foregoing reasons, we decline to consider this untimely writ application.

WRIT NOT CONSIDERED

. The trial court also ordered that during the time of his probation, defendant attend a substance abuse program and a driver improvement program under the . direction of the Probation Department that defendant would pay for. Further, the trial court ordered that defendant complete four eight-hour days of community service under the Probation Department with at least half of the service "being under the Liter Abatement Program” [sic]. The trial court also ordered that defendant attend Alcoholics Anonymous twice a week for the first three months and once a week for the remaining time of his probation, and instructed that defendant not consume alcohol during the time of his probation.

. The State’s opposition appears to incorrectly assert that the "motion for appeal” was untimely because it was filed over ten months after the'trial court’s December 2, 2014 written judgment denying the: motion for new trial. However, the motion for a new trial was untimely since it was filed on May 16, 2014, after sentencing had already occurred on May 13, 2014, La. C.Cr.P. art. 853 states that "a motion for a new trial must b.e filed and disposed of before sentence.” This Court has held that a motion for a new trial filed after the imposition of a sentence arguing that the verdict was contrary to the law and the evidence and that the ends of justice would be served by the granting of a new trial is untimely, See State v. Durand, 07-4 (La.App. 5 Cir. 6/26/07), 963 So.2d 1028, 1039, writ denied, 07-1545 (La.1/25/08), 973 So.2d 753.