STATE OF LOUISIANA

VERSUS

GEORGE CEPRIANO JR.

NO. 22-KP-77

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 18-1112, DIVISION "F"
HONORABLE MICHAEL P. MENTZ, JUDGE PRESIDING

March 30, 2022

**HANS J. LILJEBERG**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Robert A. Chaisson, and Hans J. Liljeberg

**<u>WRIT NOT CONSIDERED</u>**
    **HJL**
    **FHW**
    **RAC**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RESPONDENT,
STATE OF LOUISIANA
    Thomas J. Butler

DEFENDANT/RELATOR,
GEORGE CEPRIANO JR.
    In Proper Person

**LILJEBERG, J.**

In this writ application, defendant seeks review of his conviction and sentence for the misdemeanor offense of battery of a dating partner. Because we find it to be untimely, we will not consider defendant's writ application.

## PROCEDURAL HISTORY

On February 27, 2018, the State charged defendant with the domestic abuse battery of Charlotte Hoppe in violation of La. R.S. 14:35.3. Defendant pleaded not guilty. On November 9, 2020, the bill of information was amended to charge defendant with battery of a dating partner in violation of La. R.S. 14:34.9.

On November 16, 2020, a judge trial in this misdemeanor case began simultaneously with the jury trial of two felony charges in case number 18-1111.[1] On November 18, 2020, the trial judge found defendant guilty as charged in the misdemeanor case, and the jury found him guilty as to both felony charges.

On January 6, 2021, the trial court sentenced defendant to imprisonment in the parish prison for six months. The court ordered the sentence to run concurrently with the sentences imposed in case number 18-1111.[2]

## LAW AND DISCUSSION

Battery of a dating partner is a misdemeanor offense that is not triable before a jury. La. R.S. 14:34.9; La. C.Cr.P. art. 779. There is no right of appeal for a misdemeanor offense not triable by jury, but a defendant may obtain a review of his conviction and sentence by filing an application for a supervisory writ. *See State v. Bourg*, 16-313 (La. App. 5 Cir. 6/29/16), 196 So.3d 737, 740; and *State v. Easley*, 517 So.2d 363, n.1 (La. App. 5 Cir. 1987).

---

[1] In that felony case, defendant was charged and convicted of simple burglary of an inhabited dwelling and violation of a protective order having previously beeen convicted of violation of a protective order.
[2] In case number 18-1111, defendant was sentenced to eight years of imprisonment at hard labor for simple burglary of an inhabited dwelling (count one) and two years of imprisonment at hard labor for violation of a protective order having previously been convicted of violation of a protective order (count two). The State later filed a multiple bill as to count one. Defendant was then resentenced as to count one to eight years imprisonment at hard labor without the benefit of probation or suspension of sentence.

In order to obtain review of a misdemeanor conviction by an application for a supervisory writ, a defendant is required to file a notice of his intention to apply for a supervisory writ in the trial court and seek a return date from the trial court, pursuant to Uniform Rules – Courts of Appeal, Rule 4-2, which provides:

> The party, or counsel of record, intending to apply to the Court of Appeal for a writ shall give to the opposing parties or opposing counsel of record, notice of such intention; notice simultaneously shall be given to the judge whose ruling is at issue, by requesting a return date to be set by the judge within the time period provided for in Rule 4-3.

Further, a defendant must file his writ application within 30 days of the ruling at issue, pursuant to Uniform Rules – Courts of Appeal, Rule 4-3, which states:

> The judge who has been given notice of intention as provided by Rule 4-2 shall immediately set a reasonable return date within which the application shall be filed in the appellate court. The return date in civil cases shall not exceed 30 days from the date of notice, as provided in La. C.C.P. art. 1914. In criminal cases, unless the judge orders the ruling to be reduced to writing, the return date shall not exceed 30 days from the date of the ruling at issue. When the judge orders the ruling to be reduced to writing in criminal cases, the return date shall not exceed 30 days from the date the ruling is signed. In all cases, the judge shall set an explicit return date; an appellate court will not infer a return date from the record.
>
> Upon proper showing, the trial court or the appellate court may extend the time for filing the application upon the filing of a motion for extension of return date by the applicant, filed within the original or an extended return date period. An application not filed in the appellate court within the time so fixed or extended shall not be considered, in the absence of a showing that the delay in filing was not due to the applicant's fault. The application for writs shall contain documentation of the return date and any extensions thereof; any application that does not contain this documentation may not be considered by the appellate court.

Pursuant to these rules, for an application for a supervisory writ in a criminal case to be timely, a notice of intention to apply for a supervisory writ must be filed in the trial court within a period of thirty days from the ruling at issue (except when the judge orders that the ruling be reduced to writing, in which case the

return date shall not exceed 30 days from the date the ruling is signed).  *Bourg*, 196 So.3d at 740.

In the present case, the trial court found defendant guilty of battery of a dating partner on November 18, 2020, and he was sentenced on January 6, 2021. Defendant has not provided any documentation of a notice of intent, return date, or any extensions of time to file this writ application.  The instant writ application was postmarked on February 23, 2022,[3] well beyond thirty days after the January 6, 2021 sentencing.  In accordance with Uniform Rules – Courts of Appeal, Rule 4-3, the writ application is untimely and may not be considered.  *See Bourg*, 196 So.3d at 737.

## DECREE

For the foregoing reasons, we decline to consider this untimely writ application.

## WRIT NOT CONSIDERED

---

[3] For the purpose of determining timeliness, the actual date of filing for pleadings filed by inmates is the date the pleading is delivered to the prison authorities.  *See Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); *State ex rel. Johnson v. Whitley*, 92-2689 (La. 1/6/95), 648 So.2d 909; *Shelton v. Louisiana Department of Corrections*, 96-348 (La. App. 1 Cir. 2/14/97), 691 So.2d 159.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**MARCH 30, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 22-KP-77

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE MICHAEL P. MENTZ (DISTRICT JUDGE)
THOMAS J. BUTLER (RESPONDENT)

### MAILED
GEORGE CEPRIANO, JR. #418622
(RELATOR)
PLAQUEMINE PARISH DETENTION
CENTER
POST OFFICE BOX 67
POINTE À LA HACHE, LA 70082