STATE OF LOUISIANA

VERSUS

JEROME HYDE

NO. 24-KH-633

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

January 16, 2025

Linda Wiseman
First Deputy Clerk

**IN RE** JEROME HYDE

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE RAYMOND S. STEIB, JR., DIVISION "A", NUMBER 20-5022

Panel composed of Judges Fredericka Homberg Wicker,
Scott U. Schlegel, and Timothy S. Marcel

**WRIT DENIED**

Relator-defendant, Jerome Hyde, filed an application for writ of review of the trial court's denial of his motion for an out of time appeal. For the following reasons, we deny the writ.

*Facts and Procedural History*

On November 21, 2023, defendant was convicted in a judge trial of resisting an officer, a misdemeanor, in violation of La. R.S. 14:108. He was sentenced on January 9, 2024.

On September 9, 2024, defendant filed a Motion for Out of Time Appeal. The trial court denied the motion on September 21, 2024. On October 9, 2024, Mr. Hyde filed a Motion for Reconsideration of Denial of Motion for Out of Time Appeal. The trial court denied this motion on October 22, 2024.

24-KH-633

*Law and Analysis*

Defendant asserts that the trial court erred in denying his out of time appeal because his attorney's failure to perfect a timely appeal constitutes ineffective assistance of counsel, which is a denial of defendant's constitutional right of due process.

Resisting an officer is a misdemeanor offense that is not triable before a jury. La. R.S. 14:108; La. C.Cr. P. art. 779. And there is no right of appeal for a misdemeanor offense not triable by jury. *State v. Cepriano*, 22-77 (La. App. 5 Cir. 3/30/22), 337 So.3d 999, 1001; State *v. Bourg*, 16-313 (La. App. 5 Cir. 6/29/16), 196 So.3d 737, 740. A defendant may only obtain a review of his conviction and sentence by filing an application for a supervisory writ. *Id. See also State v. Trepagnier*, 07-749 (La. App. 5 Cir. 3/11/08), 982 So.2d 185, 188, *writ denied*, 08-784 (La. 10/24/08), 992 So.2d 1033 ("The proper procedure for seeking review of a misdemeanor conviction is an application for writ of review directed to this Court to exercise its supervisory jurisdiction.")

In order to obtain review of a misdemeanor conviction by an application for a supervisory writ, a defendant is required to file a notice of his intention to apply for a supervisory writ in the trial court and seek a return date from the trial court, pursuant to Uniform Rules – Courts of Appeal, Rule 4-2, which provides:

> The party, or counsel of record, intending to apply to the Court of Appeal for a writ shall give to the opposing parties or the opposing counsel of record, notice of such intention. The party, simultaneously, shall give notice to the judge whose ruling is at issue, by requesting a return date to be set by the judge within the time period provided for in Rule 4-3.

Further, a defendant must file his writ application within 30 days of the ruling at issue, pursuant to Uniform Rules – Courts of Appeal, Rule 4-3, which states:

> The judge who has been given notice of intention as provided by Rule 4-2 shall immediately set a reasonable return date within which the application shall be filed in the Court of Appeal. The return date in civil cases shall not exceed 30 days from the date of notice of the judgment, as provided in La. C.C.P. art. 1914. In criminal cases, unless the judge orders

2

the ruling to be reduced to writing, the return date shall not exceed 30 days from the date of the ruling at issue. When the judge orders the ruling to be reduced to writing in criminal cases, the return date shall not exceed 30 days from the date the ruling is signed. In all cases, the judge shall set an explicit return date; a Court of Appeal shall not infer a return date from the record.

Upon proper showing, the trial court or the Court of Appeal may extend the time for filing the application upon the filing of a motion for an extension of the return date by the applicant, filed within the original or an extended return date period. An application not filed in the Court of Appeal within the time so fixed or extended shall not be considered, in the absence of a showing that the delay in filing was not due to the applicant's fault. The application for writs shall contain documentation of the return date and any extensions thereof; any application that does not contain this documentation may not be considered by the Court of Appeal.

Pursuant to these rules, a notice of intention to apply for a supervisory writ must be filed in the trial court within a period of 30 days from the ruling at issue in order for an application for a supervisory writ in a criminal case to be timely (except when the judge orders that the ruling be reduced to writing, in which case the return date shall not exceed 30 days from the date the ruling is signed). *Cepriano*, 337 So. 3d at 1002; Bourg, 196 So.3d at 740. In *Cepriano* and *Bourg*, this Court declined to consider writ applications in misdemeanor appeals that were not filed within 30 days of the sentencing.

In the instant case, defendant failed to seek supervisory review within 30 days of his sentencing on January 9, 2024. In accordance with Uniform Rules – Courts of Appeal, Rule 4-3, and the jurisprudence of this Court, defendant's application for writ of review is untimely.

*Conclusion*

For these reasons, the application for writ of review is denied.

Gretna, Louisiana, this 16th day of January, 2025.

**SUS**
**FHW**
**TSM**

3

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **01/16/2025** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-KH-633**

**E-NOTIFIED**

24th Judicial District Court (Clerk)
Hon. Raymond S. Steib, Jr. (DISTRICT JUDGE)
Graham L. Bosworth (Relator)          Thomas J. Butler (Respondent)

**MAILED**