Judgment rendered December 10, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,673-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee
(CITY OF BOSSIER)

versus

RANDALL MATTHEWS                            Appellant

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. U93616

Honorable A. Parker Self, Jr., Judge

* * * * *

LAW OFFICES OF J. RANSDELL KEENE          Counsel for Appellant
By:  J. Ransdell Keene

J. SCHUYLER MARVIN                         Counsel for Appellee
District Attorney

RICHARD R. RAY
Assistant City Attorney

* * * * *

Before THOMPSON, ROBINSON, and HUNTER, JJ.

**THOMPSON, J.**

Randall Matthews was arrested after a confrontation with a Bossier City police officer who was working security in a Dillards department store. Matthews was subsequently convicted of the misdemeanor charges of disturbing the peace and resisting arrest and was originally sentenced by the city court judge to 60 days in jail, plus fines. Matthews' sentence was modified to a probated sentence after disclosure of a cancer diagnosis, but the jail term was reinstated apparently in response to his appeal of the even more lenient sentence. His counsel appealed the convictions, and he paid the bond for the record of the proceedings to be produced by the clerk of court. The city court issued a return date for the appeal, which passed with nothing being filed by Matthews. Matthews now argues that the clerk of court did not provide a copy of the record until several months after he paid the bond and that his appeal with the district court, five months after receipt of that record, should be determined to be timely.

On review, the district court ruled that (1) Matthews' convictions were not properly before it because the appeal of those convictions was untimely, and (2) Matthews' resentencing to jail time was improper and remanded the matter to city court for sentencing. Matthews was subsequently sentenced by the city court to the previous probated sentence. Matthews now appeals the ruling of the district court. For the reasons set forth more fully herein, we affirm the district court's ruling.

## FACTS AND PROCEDURAL HISTORY

On December 17, 2021, Officer Danny Turner with the Bossier City Police was working part-time as security at the Dillards department store at Pierre Bossier Mall in Bossier City, Louisiana, when Randall Matthews

("Matthews") angrily came up and confronted him. Officer Turner asked Matthews to get out of his face, but Matthews refused. Officer Turner testified he thought Matthews was going hit him. Matthews was cursing out loud and stated that the officer was going to need his mace and told the officer that he "better watch it" and then walked away while cursing. Officer Turner told Matthews to stop, but he refused to do so. Officer Turner reported that Matthews turned around, looked at him, and then kept going. Office Turner caught up with Matthews, grabbed him and told him he was under arrest. Matthews was charged with three violations of the city code of Bossier City, Louisiana:

1. Assault on Officer Danny Turner by threatening him in violation of Section 38-104 of the city code;

2. Disturbing the peace by addressing another person in language which is threatening, profane, obscene or derisive which "had a tendency to incite the other person" to violate retaliatory action, in violation of Section 28-284, paragraph 22 of the city code;

3. Unlawfully resisting a police officer of the City of Bossier City, a violation of Section 38-286 of the city code.

A bench trial was held at city court on December 12, 2023. Before the trial got underway, the State dismissed the first count of assault against Matthews. At trial, Officer Turner testified about the events at the Dillards, and his bodycam footage was presented to the court, although that footage is not included in the record. Matthews' girlfriend, Angela Dixon, also testified, stating that she and Matthews attempted to leave the Dillards and the situation was escalated by the officer. At the conclusion of trial, on December 12, 2023, Matthews was convicted of disturbing the peace and resisting arrest.

At his first sentencing, on January 23, 2024, Matthews was sentenced to 60 days in Bossier City Jail for the charge of disturbing the peace and a $499.50 fine plus costs or 20 additional days for the charge of resisting an officer. That same day a motion and order for appeal was filed by the defendant with a return date of February 23, 2024. The defendant paid for the production of the transcript on that date, but it took the clerk of court several months to complete the record. Matthews did not file anything with the court on or before the February 23, 2024 return date, not even a request for an extension of time due to the record not being prepared timely.

The execution of sentence date was originally set for April 23, 2024, but was continued to May 8, 2024. On May 8, 2024, the prosecution argued that Matthews had not timely filed an application for supervisory writ. On June 12, 2024, the Bossier City Clerk mailed the transcripts of Matthews' trial to counsel, who received them on June 17, 2024. On June 18, 2024, the city court judge issued a written opinion, finding that that Matthews failed to timely file a writ application. A second execution of the sentence was set on the city court's docket for August 13, 2024.

On August 13, 2024, Matthews requested that the 60-day sentence be reconsidered due to his recent cancer diagnosis. The parties agreed on the amended sentence, including probation rather than jail time. Matthews' sentence for disturbing the peace was modified so that his 60-day sentence was suspended, and he was placed on 2 years' supervised probation with special conditions to include an anger management class, banning him from Pierre Bossier Mall and Dillards, 80 hours of community service, and a $60 probation fee to the Bossier City's Marshal's office.

After obtaining a more lenient sentence which did not include any period of incarceration, Matthews then sought a supervisory writ from the district court on this change to his sentence, and the city court set a hearing on the notice of intent to seek writs. On September 17, 2024, the city court ordered that the original sentence and its corresponding jail term be imposed. Matthews also sought supervisory review of this change in his sentence.

The appeal of a judgment in a criminal case tried under a city ordinance in a city court is appealed to the district court, and the appeals are on the law alone. La. R.S. 13:1896(B). December 20, 2024, the matter was heard before the district court. The court ordered the issues be briefed and set a new date of March 7, 2025. The district court refused to consider modifications of Matthew's underlying conviction because his original supervisory writ was untimely and he was procedurally barred from review of his conviction. The district court noted that Matthews never filed an application for supervisory writ until October 17, 2024, and never sought an extension to file his application, even though his original return date was February 23, 2024, noting that he had received the record on June 12, 2024. The court then ruled that the city court's ruling vacating his amended sentence and reinstating jail time was improper and remanded the matter to city court for the suspended sentence and probation to be reinstated. This appeal arises from the district court's ruling.

## DISCUSSION

Matthews raises the following three assignments of error:

1. The district court erred in failing to consider the insufficiency of the evidence upon which to convict.

4

2. The district court erred by failing to provide the defendant due process.

3. The conviction for any crime must be based on something more than speculation.

We will first address the assignment of error regarding due process, as its resolution pretermits a discussion of the remaining two assignments of error. Matthews' argument that the district court failed to provide him with due process centers around the district court's holding that Matthews' criminal convictions were not properly before the district court for supervisory review. The district court found that although Matthews sought an appeal of his convictions and paid the bond associated with that appeal, he did not file anything by his set return date of February 23, 2024. Matthews argues to this Court that he is not at fault for failing to file anything by the return date because the clerk of court did not prepare the transcript until June 12, 2024. The record reflects that Matthews did not actually file anything until October 17, 2024, more than four months after receiving the transcript.

As noted above, the appeal of a judgment in a criminal case tried under a city ordinance in a city court is appeal to the district court. The defendant has a right to judicial review by application to the court of appeal for a writ of review. This application shall be accompanied by a complete record of all evidence upon which the judgment is based unless the defendant intelligently waives the right to cause all or any portion of the record to accompany the application. La. C. Cr. P. art. 912.1(C)(1).

The Louisiana Supreme Court has examined the rule that states an application not filed in the appellate court within the time so fixed or

extended shall not be considered, in the absence of a showing that the delay in filing was not due to the applicant's fault. *State v. Goppelt*, 08-0576 (La. 10/31/08), 993 So. 2d 1188. This rule promotes the finality of interlocutory rulings and prevents unnecessary delay in the administration of ongoing litigation. *Id.* In *Goppelt*, *supra*, a defendant appealed the court of appeals ruling not considering her misdemeanor conviction because her counsel did not timely file in the district court for an extension of the original 30-day return date for taking supervisory writs before the return date expired. The court noted that counsel filed a motion to extend the return date three days after the original 30-day period elapsed. The court overturned the ruling by the court of appeal, noting that the rule should be sparingly applied in cases in which a defendant does not unreasonably delay in asserting his constitutional and statutory right to see supervisory review in the court of appeal proceedings that have concluded in conviction and sentence. *Id.*

In *State v. Bourg*, 16-313 (La. App. 5 Cir. 6/29/16), 196 So. 3d 737, a defendant was convicted of a DWI and filed a motion for appeal and designation of the record on October 6, 2015. The trial court set a return date for November 6, 2015, but the defendant failed to file anything on the writ application until April 20, 2016, when he filed a request for a certified copy of the record. The appellate court found that the matter was distinguishable from *State v. Goppelt*, *supra*, because the delay was unreasonable and the defendant provided no good reason for the lack of timeliness.

In the present matter, we agree with the district court that Matthews' failure to file anything at all in his appeal until October 17, 2024 is unreasonable. The record is clear that Matthews first did not file anything

6

before his return date, never filed for an extension of time, and did not make his first filing until four months after receiving the transcript. While acknowledging that the clerk of court failed to provide a transcript of the proceedings until June 12, 2024, there is no reasonable excuse for Matthews' failure to file anything with the court in the interim until the record was complete and certainly no reasonable excuse in the period between receipt of the transcript on June 12, 2024 and until his October 17, 2024 filing. That four-month delay (after an additional five months from the stated return date) to make any filing with the court is an unreasonable delay. Considering this, we affirm the trial court's ruling that Matthews' conviction was not properly before it and find that this assignment of error is without merit.

As the remaining two assignments of error both involve Matthews' original convictions and having found that those convictions were not properly before the district court or before us now on review, they will not be addressed and any further review is pretermitted.

## CONCLUSION

For the foregoing reasons, the district court's ruling is affirmed.

**AFFIRMED.**