STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2024 CA 0352

WAYNE McKOWEN, LLC d/b/a REVIVE SOFTWASH
AND WAYNE McKOWEN

VERSUS

FRANK WINSTON CRUM INSURANCE COMPANY

Judgment Rendered: ___**JAN 1 7 2025**___

* * * * *

On Appeal from the
City Court of Baton Rouge
Parish of East Baton Rouge, State of Louisiana
Trial Court No. 21-03322

The Honorable Johnell M. Matthews, Judge Presiding

* * * * *

Heather A. Cross                       Attorney for Plaintiff-Appellant,
Baton Rouge, Louisiana                 Wayne McKowen

Richard G. Duplantier, Jr.             Attorneys for Defendant-Appellee,
James A. Morock, Jr.                   Frank Winston Crum Ins. Co.
New Orleans, Louisiana

* * * * *

BEFORE: WOLFE, MILLER, AND GREENE, JJ.

Miller, J. dissents with reasons.

**WOLFE, J.**

Wayne McKowen, individually, appeals from the trial court's judgment that sustained a peremptory exception raising the objection of no right of action in part and in favor of Frank Winston Crum Insurance Company. For the following reasons, we dismiss this appeal for lack of subject matter jurisdiction.

## FACTS AND PROCEDURAL HISTORY

Frank Winston Crum Insurance Company (FWC) issued a workers' compensation insurance policy, effective January 1, 2020, through January 1, 2021, to Wayne McKowen, LLC, d/b/a Revive Softwash (Revive). Wayne McKowen is the sole member of the closely held LLC d/b/a as Revive. On December 2, 2020, Revive's newly hired employee in training, Jimmie Ballard, was injured in the course and scope of his employment with Revive. Revive reported Mr. Ballard's workers' compensation claim to FWC; however, FWC denied coverage because Mr. Ballard was not yet listed as an employee on Revive's payroll.

Revive voluntarily paid $2,715.00 to Mr. Ballard to help with his expenses until he was able to return to work in April 2021. Mr. McKowen and Revive also provided meal and transportation services to Mr. Ballard during that time. Meanwhile, Mr. Ballard, who was represented by counsel, refused settlement offers by Mr. McKowen and Revive. Mr. Ballard's counsel threatened litigation against Mr. McKowen and Revive, seeking penalties and damages for the alleged failure to maintain workers' compensation insurance. According to Mr. McKowen, the threat of litigation caused him extreme worry and distress, as he feared financial ruin for him and Revive.

On June 23, 2021, six months after the original claim, FWC sent a formal letter denying coverage. When Mr. McKowen received Mr. Ballard's Disputed Claim for Damages, he submitted the claim to FWC and requested defense and indemnity under the policy for a second time. On July 16, 2021, after review of an

endorsement to the policy, FWC changed its position and admitted coverage for Mr. Ballard's injury. A few days later, on July 20, 2021, Mr. McKowen (through his attorney) forwarded a demand letter itemizing costs, with invoices supporting expenses totaling $6,645.00 incurred by Revive as a result of FWC's original denial of the claim. When no response or reimbursement was made by FWC more than sixty days after the demand was made, Revive and Mr. McKowen, individually, filed suit against FWC on September 30, 2021. Revive and Mr. McKowen sought penalties pursuant to La. R.S. 22:1973, alleging FWC had breached a duty of good faith and fair dealing by misrepresenting pertinent facts and policy provisions and had arbitrarily and capriciously denied coverage for the accident without just cause. Additionally, Mr. McKowen alleged that he had personally suffered damage and was entitled to recover for mental anguish and distress.

FWC answered the lawsuit on November 15, 2022, conceding that after a good faith review of the claim, it began providing coverage to its insured, Revive, on July 16, 2021. FWC denied breaching any duty to Revive and pointed out that Mr. McKowen was not a party to the insurance policy and, therefore, was not entitled to any damages for his personal distress. A copy of the policy was attached as an exhibit to FWC's answer.

On April 13, 2023, FWC filed a peremptory exception raising the objection of no right of action, arguing that neither Revive nor Mr. McKowen were entitled to penalties pursuant to La. R.S. 22:1973 since FWC had a reasonable and good faith dispute as to coverage and ultimately settled the matter with Mr. Ballard for $50,489.45. FWC also argued that Mr. McKowen was not entitled to any penalties or damages because he was not the insured under the insurance policy. Revive and Mr. McKowen opposed the exception of no right of action, maintaining that they each had a right to recover damages and penalties for FWC's untimely payment of covered losses and for misrepresenting pertinent facts regarding insurance policy

provisions relating to coverage. Mr. McKowen argued that the "entire situation caused extreme distress" for him, because he "feared financial ruin over a matter … [for] which he thought he had purchased insurance" on behalf of Revive. Mr. McKowen also argued that FWC was responsible to him individually in tort for its misrepresentations pertaining to the policy coverage for his business, whether he was an insured under the policy or not.

The trial court heard the matter on August 23, 2023. Neither party introduced any evidence at the hearing. The trial court signed a judgment on December 7, 2023, denying the exception of no right of action as to Revive and sustaining the exception of no right of action as to Mr. McKowen personally. The trial court designated the judgment as final pursuant to La. Code Civ. P. art. 1915(B), upon a finding that there was no just reason for delay. FWC filed an application for a supervisory writ of review regarding the denial of the exception as to Revive. In a separate and unpublished action, this court denied FWC's writ application on March 13, 2024.

On January 3, 2024, Mr. McKowen moved for an appeal of the trial court's grant of the exception of no right of action as to him personally, and the trial court signed the order of appeal on January 31, 2024. In his appellate brief, Mr. McKowen argues that he has a right of action against FWC for its misrepresentation of insurance coverage for his business, Revive, which caused him great distress and fear of financial ruin because of the perception that he had failed to maintain workers' compensation coverage as legally required for Revive's employees. Mr. McKowen contends that he has a right of action in tort against FWC, regardless of whether he is the named insured under the policy or not.

**LAW AND ANALYSIS**

Appellate Jurisdiction

The judgment on appeal does not dismiss any of Mr. McKowen's claims against FWC. As an appellate court, we have the duty to examine our subject matter

4

jurisdiction *sua sponte*, even when the parties do not raise the issue. **Advanced Leveling & Concrete Solutions v. Lathan Company, Inc.**, 2017-1250 (La. App. 1st Cir. 12/20/18), 268 So.3d 1044, 1046 (*en banc*). A final, appealable judgment must be precise, definite, and certain, and it must contain decretal language, naming the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. **Id.** These determinations should be evident from the language of the judgment without reference to other documents in the record. **Id.** When faced with an otherwise final judgment that contains a decretal-language deficiency, appellate courts are mandated to retain jurisdiction, to order the trial court to supplement the record with an amended judgment, and to render a decision on the merits once the record is supplemented. See La. Code Civ. P. arts. 1918(A), 1951, and 2088(A)(2) as amended by La. Acts 2021 No. 259, § 2. See also **U.S. Bank National Association as Trustee for RFMSI 2005S7 v. Dumas**, 2021-0585 (La. App. 1st Cir. 12/22/21), 340 So.3d 246, 249.

Accordingly, on October 1, 2024, this court, *ex proprio motu*, issued an interim order finding an apparent decretal language defect in the December 7, 2023 judgment. Particularly, this court noted that the judgment "merely enters a partial judgment sustaining the peremptory exception of no right of action filed by [FWC] in part as to one of the plaintiffs, Wayne McKowen, but lacks decretal language disposing of and/or dismissing any or all of [Mr. McKowen's] claims." Thus, we remanded the matter to the trial court for the limited purpose of issuing an amended judgment that corrects the deficiency, and to supplement the record on appeal with the amended judgment.

On October 24, 2024, the trial court signed an amended judgment, and the appellate record was supplemented with the amended judgment on October 28, 2024. Upon review of the amended judgment, this court finds that the judgment still lacks appropriate decretal language. Despite further language in a paragraph that

identifies the parties and the exception that was ruled upon, the amended judgment remains unclear as to whether any or all of Mr. McKowen's individual claims against FWC have been dismissed. In the absence of appropriate decretal language clearly disposing of and/or dismissing any or all of Mr. McKowen's claims against FWC, the October 24, 2024 amended judgment is defective and cannot be considered a final judgment for purposes of appeal.

Mindful of the Louisiana Supreme Court's action in **Lacoste v. Davenport**, 2023-0279 (La. App. 1st Cir. 11/3/23) (unpublished), 2023 WL 7271060, at *3, writ granted, cause remanded, 2023-01589 (La. 2/6/24), 378 So.3d 730, and in the interest of judicial efficiency, this court issued a second interim order on December 6, 2024, again noting the deficiencies, rather than dismissing the appeal at that point. In the second interim order, we remanded the matter to the trial court with similar instructions to supplement the record on appeal with an *"amended judgment that specifically indicates if any or all of the plaintiff's claims are dismissed[.]"* (Emphasis in original.)

On December 19, 2024, the trial court signed a second amended judgment providing that, "all claims for damages asserted by plaintiff, Wayne McKowen, LLC D/B/A Revive Softwash are pending for trial on the merits. This Peremptory Exception of No Right of Action is **GRANTED** against Wayne McKowen, individually." The second amended judgment was supplemented into the appellate record on January 3, 2025. Notably, the second amended judgment is clearly still defective in that it does not dismiss any claims, and cannot be considered a final judgment for purposes of appeal. Thus, we are constrained to find that this court lacks appellate jurisdiction to review this matter, and the appeal must be dismissed.[1] See **Advanced Leveling & Concrete Solutions**, 268 So.3d at 1046-1047.

---

[1] We recognize that this court has discretion to convert an appeal of a non-appealable judgment to an application for supervisory writs. See **Stelluto v. Stelluto**, 2005-0074 (La. 6/29/05), 914 So.2d 34, 39. However, an appellate court will generally refrain from the exercise of its supervisory

## CONCLUSION

For the assigned reasons, we dismiss the appeal of the October 24, 2024 amended judgment as well as the December 19, 2024 second amended judgment. Costs are assessed equally to defendant/appellee, Frank Winston Crum Insurance Company, and plaintiff/appellant, Wayne McKowen, individually.

**APPEAL DISMISSED.**

---

jurisdiction when an adequate remedy exists by appeal upon the entry of the requisite precise, definite, and certain decretal language necessary for appellate review. See **Simon v. Ferguson,** 2018-0826 (La. App. 1st Cir. 2/28/19), 274 So.3d 10, 14. Accordingly, we decline to exercise our discretion to convert this appeal of a judgment that is not final for lack of decretal language to an application for supervisory writs. See **Tchefuncte Harbour Association, Inc. v. Branighan,** 2022-0404 (La. App. 1st Cir. 3/1/23), 2023 WL 2291033, *9, n.1 (unpublished).

7

| WAYNE McKOWEN, LLC d/b/a | STATE OF LOUISIANA |
|---|---|
| REVIVE SOFTWASH AND | |
| WAYNE McKOWEN | COURT OF APPEAL |
| | |
| VERSUS | FIRST CIRCUIT |
| | |
| FRANK WINSTON CRUM | NUMBER 2024 CA 0352 |
| INSURANCE COMPANY | |

**MILLER, J., dissenting.**

I respectfully dissent. See Lacoste v. Davenport, 2023-0279 (La. App. 1st Cir. 11/3/23) 2023 WL 7271060 (unpublished), writ granted, cause remanded, 2023-01589 (La. 2/6/24), 378 So. 3d 730. Although this matter has been sent down two times already to instruct the trial court to issue an amended judgment that specifically indicates if any or all of the plaintiff's claims are dismissed and complies with La. C.C.P. arts. 1918(A), 1951, and 2088(A)(12), as amended by La. Acts 2021 No. 259, § 2, and the majority concludes that the defect remains, dismissal is not the answer as dismissal of the appeal violates the supreme court's admonition that "[t]he court of appeal err[s] in dismissing [an] appeal based on the failure of the trial court to properly comply with the court of appeal's ... interim order." Lacoste v. Davenport, 2023-01589 (La. 2/6/24), 378 So. 3d 730, see also Barnard v. Barnard, 96-0859 (La. 6/24/96), 675 So. 2d 734 (holding the parties should not be penalized for a procedural violation by the trial court).

1